316 So.2d 38 (1975)
In re TRANSITION RULE 21.
No. 47773.
Supreme Court of Florida.
July 31, 1975.
PER CURIAM.
The 1975 Legislature, in regular session, enacted into law Chapter 75-9 entitled "The Medical Malpractice Reform Act of 1975," creating Section 768.133, Florida Statutes, and providing for establishment of a medical liability mediation panel. The statute further provides that said panel shall have a circuit judge as its presiding member and that this Court shall adopt procedural rules for the medical liability mediation panel.
To implement the provisions of Chapter 75-9, this Court requested the Civil Rules Committee of the Florida Bar to present proposed rules for adoption. The following Transition Rule, modified from that submitted by the Civil Rules Committee, is hereby adopted as an emergency matter in the public interest. Time was not sufficient to provide a public hearing thereon; in view of this fact, we request all interested parties to make suggested changes and revisions to this Court. We further direct the Civil Rules Committee of the Florida Bar to review the practical application of these provisions and to make its recommended changes thereto by January 1, 1976.
This rule shall remain in effect until further order of this Court or until a contrary view is expressed in subsequent litigation.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.

*39 TRANSITION RULE 21

PROCEDURE

For Medical Liability Mediation Panels

(a) Scope of Rules

These rules apply to all proceedings before the Medical Liability Mediation Panels as established by Florida Statute 768.133. These rules shall be construed to secure the just, speedy, and inexpensive determination of every matter presented to such panels. To the extent applicable, the rules of civil procedure shall apply to all proceedings before the Medical Liability Mediation Panels.

(b) Attorneys

Every claim or other paper of a party presented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated and who shall be duly licensed to practice in Florida; provided, however, that a party may represent himself, in which event he shall sign his claim or other papers and state his address.

(c) Time

In all cases in which an act is required or allowed to be performed, the time within which said act shall be accomplished is ten (10) days unless otherwise stated in the Act or extended by agreement of the parties.

(d) Motions

Applications for the performance of an act or for an order from the Judicial Referee shall be made in writing unless made during a hearing before the Medical Liability Mediation Panel. Such motions shall bear the style of the claim and shall be accompanied by a notice of hearing.

(e) Claims

Every claim shall contain a short and plain statement of the ultimate facts describing the act(s) of medical malpractice of which the claimant complains. A claim may contain more than a single instance of medical malpractice, and, in the event of multiple instances, they may be stated cumulatively or in the alternative. Such claims shall be without prejudice to the right of the claimant to file a civil action when authorized by the Act.

(f) Defenses

Every defense to a claim shall be asserted in the Answer in the same form as is applicable to a claim. Every Answer shall be without prejudice to the rights of a respondent in the event that a civil action is instituted pursuant to the provisions of the Act.

(g) Challenge for Cause

Challenges for cause to prospective members of Medical Liability Mediation Panels shall lie whenever it appears that a prospective member has any bias or prejudice in the matter. Challenges shall be presented to the Judicial Referee and liberally construed by the Judicial Referee so as to obtain an unbiased and unprejudiced panel. A party objecting to a prospective panel member may introduce any competent matter to support the objection. The Judicial Referee is a judicial officer and challenges of the Judicial Referee shall be made in accordance with Chapter 38, Florida Statutes, and the Code of Judicial Conduct.

(h) Conduct of Hearing

The Judicial Referee shall be responsible for the conduct of hearings on liability and/or damages and shall conduct them in such a manner as to best ascertain the rights of the parties. The Judicial Referee shall have the exclusive authority to rule on all matters of law and the admissibility of relevant evidence as may be adduced by the parties. Evidence which would be admissible in civil proceedings in the courts of this state shall be admissible before the Medical Liability Mediation Panel, but the exclusionary rules of evidence shall not be used to prevent the receipt of evidence having substantial probative effect. For the purpose of the proceedings, the Judicial Referee is construed to be a judicial officer and his participation shall not be construed to be a violation of Canon 5, subd. E, Code of Judicial Conduct.
See Approved Form on following page

*40
 APPROVED FORM
 Name of Court
A.B., etc. :
 Claimant(s) :
v. :
C.D., etc. : No.
 Respondent(s) :
____________________________________:
 CLAIM
 The Claimant(s) ________________________________________________________
(alleges)(allege) that the Respondent(s) _________________________________
__________________________________________________________________________
committed medical malpractice in the following particulars:
 [Here describe the act(s) of medical malpractice.]
 WHEREFORE, Claimant(s) (requests) (request) mediation
of this claim and a judgment of liability in (his) (their)
favor.
 __________________________________________
 Claimant(s) / Attorney(s)
Dated: