342 So.2d 1073 (1977)
STATE of Florida ex rel. MERCY HOSPITAL, INC., a Florida Corporation, Relator,
v.
The Honorable Harold VANN et al., Respondents.
No. 76-2285.
District Court of Appeal of Florida, Third District.
March 1, 1977.
*1074 Thornton, Dougherty & Conroy and John Edward Herndon, Jr., Miami, for relator.
Stuart L. Simon, County Atty. and Jon I. Gordon, Asst. County Atty., for respondents.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
This court was presented with a petition for the issuance of an alternative writ of mandamus by Mercy Hospital, Inc. The burden of the petition was that the hospital, as defendant in a medical liability mediation proceeding, pursuant to Section 768.133, et seq., Florida Statutes (1975),[1] was being deprived of the benefit of that law by the action of the circuit judge. The petition alleged a clear legal right in the relator to an order of the circuit court directing the panel to proceed under the above cited law.[2]
The alternative writ was issued and the only response filed thereto was by the circuit judge, which stated:
"... in the event this Court determines that his Order of November 22, 1976 ... is in error and that the Medical Mediation Panel, of which he is a member, does possess jurisdiction pursuant to Chapter 768 of the Florida Statutes, he will most respectfully comply with this Court's Opinion without the necessity of the issuance of an Alternative Writ of Mandamus."
The uncontroverted allegations of the petition are, in salient part, as follows:
"2. On or about October 21, 1975, Respondents ESTHER and GUSTAVO
CASTANEDA, pursuant to Florida Statutes Section 768.133, filed a complaint and claim for Medical Mediation against the Relator, MERCY HOSPITAL, INC., and served the same on October 30, 1975.
* * * * * *
"3. Pursuant to the requirements of Section 768.133 of the Florida Statutes, the Relator answered the claim for medical mediation within the prescribed time period.
* * * * * *
"5. On or about January 23, 1976, THE HONORABLE HAROLD VANN, Respondent herein, and Judicial Referee of the Panel, entered an Order appointing Respondents ALAN JOEL REICH and BARRY L. GARBER as the remaining members of the Respondent Panel.
* * * * * *
"6. On or about March 1, 1976, the aforesaid Respondents, ESTHER and GUSTAVO CASTANEDA filed with the Panel a Motion to Stay the Proceedings then currently pending.
* * * * * *
"7. On or about March 4, 1976, the Respondent, THE HONORABLE HAROLD VANN, entered an Order staying the proceedings pending a determination by the Supreme Court of Florida as to the constitutionality of Section 768.133 et seq. of the Florida Statutes.
* * * * * *
"8. Subsequent to the Florida Supreme Court decision of Carter vs. Sparkman, 335 So.2d 802 (Fla. 1976), which determined the constitutionality of Section 768.133 of the Florida Statutes, the Relator, MERCY HOSPITAL, filed a Motion to Dissolve the Order staying the proceedings on or about October 29, 1976.
* * * * * *
"9. On or about November 22, 1976, the Respondent, THE HONORABLE HAROLD VANN, signed an Order stating *1075 that the Mediation Panel was without jurisdiction in Medical Mediation Case No. 75/40 on the ground that the case had been pending for a period of longer than ten months."
* * * * * *
This court having determined upon the issuance of the alternative writ that the petition made a prima facie case and the factual matters therein contained having been admitted by the respondents and the respondent judge having further certified his desire to follow the directions of this court, it is incumbent upon us, by this opinion, to set forth the duty of the respondent and the basis for our decision herein. See State ex rel. Lawler v. City of West Palm Beach, 125 Fla. 626, 170 So. 697, 699 (1936).
It is clear that the trial judge, in refusing to proceed with the arbitration, felt that the following section of the law forbade him to proceed:
"(3) The clerk shall, with the advice and cooperation of the parties and their counsel, fix a date, time, and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed. If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law." [Emphasis added]
Section 768.133(3), Florida Statutes (1975)
The circuit judge who has by his own action in the stay order and over the objection of the defendant rendered the progress of the mediation panel impossible, has a duty now to proceed with the cause based upon the concept that a party (in this case, the hospital) may not be deprived of a valuable legal right without due process of law. See the general proposition of law in Brooks v. Owens, 97 So.2d 693 (Fla. 1957). It can be said that the hospital could have appealed the order staying the proceeding, but we find no clear right to appeal from an order of a circuit judge made in his capacity as the judicial referee and presiding member of the hearing panel. See Section 768.133(1), Florida Statutes (1975). Therefore, we hold that the hospital was deprived of its right to mediation by the unauthorized act of the circuit judge in staying the mediation. While it is apparent from the reading of the law that it was the intention of the legislature that the circuit judge should have the authority to supervise and direct the proceedings, there is no authority to stay or otherwise alter the time allowed for the arbitration.
We conclude that the circuit judge incorrectly held that his own order, entered upon the motion of the claimants, barred the proceedings. It was his duty to proceed with the mediation proceeding because the statute grants to the mediation panel a definite period of time within which to do its work, and the panel has been deprived of the period specified in the statute by the action of the circuit judge. There still adheres to the mediation panel the period of time which remained at the time that the circuit judge entered the unauthorized stay order. There is no doubt that the time limitations in the statute are binding and must be rigorously enforced. We, therefore, limit this holding to the specific facts of this case.
The respondent circuit judge having graciously certified to us his decision to proceed in accordance with the directions of this court without the need for the issuance of a peremptory writ, this proceeding is, by the rendition of this opinion, terminated. The petition is dismissed and the alternative writ quashed in full confidence that upon receiving this opinion, the respondent circuit judge will proceed in accordance with the views herein expressed.
It is so ordered.
NOTES
[1] This statute is now § 768.44 et seq., Fla. Stat. (1976 Supp.). See also In re Transition Rule 21, 316 So.2d 38 (Fla. 1975).
[2] As to the constitutionality of this statute, see Carter v. Sparkman, 335 So.2d 802 (Fla. 1976).