346 So.2d 124 (1977)
Tobin KOOTA and Marilyn Koota, His Wife, Plaintiffs,
v.
PARKWAY GENERAL HOSPITAL, INC., Radiologic Consultants, P.A., Meltzer & Diana, M.D., P.A., Curtis Meltzer, M.D. and Hartford Accident and Indemnity Company, Defendants.
No. 77-769.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Friedman & Robbins, for plaintiffs.
Preddy, Haddad, Kutner, Hardy & Josephs, Miami, for defendants.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
This is a certified question propounded under Fla.App. Rule 4.6 by a judicial referee of a medical mediation panel.
Tobin Koota and his wife, Marilyn Koota, filed a medical mediation claim against Parkway General Hospital, Inc., Radiologic Consultants, P.A., Meltzer and Diana, M.D., P.A., Curtis Meltzer, M.D. and Hartford Accident and Indemnity Co. pursuant to Section 768.44(1)(a), Florida Statutes (Supp. 1976). The defendants answered the claim and designated their medical specialty. Section 768.44(1)(c), (2)(f), Florida Statutes (Supp. 1976).
The parties were unable to stipulate as to the doctor and lawyer members of the three man mediation panel. Consequently, the clerk of the circuit court sent each party a list of the prospective panelists consisting of five doctors and five lawyers from which to choose the doctor and lawyer members of the panel. Section 768.44(2)(g), Florida Statutes (Supp. 1976).
The judicial referee of the panel thereupon held a hearing. Plaintiff's counsel made *125 a motion to voir dire the prospective panelists, which motion was denied by the judicial referee. Thereafter, plaintiffs' counsel in effect waived his statutory right to participate in selecting the lawyer and doctors members of the panel by refusing to strike any of the prospective panelists from the lists previously supplied as authorized by Section 768.44(2)(g), Florida Statutes (Supp. 1976).
The judicial referee did not thereafter exercise his statutory authority to supervise and direct the proceedings by himself designating the doctor and lawyer members of the panel after allowing the defendants' counsel his right to strike prospective panelists pursuant to Section 768.44(2)(g), Florida Statutes (Supp. 1976). See: State ex rel. Mercy Hospital v. Vann, 342 So.2d 1073 (Fla.3d D.C.A. 1977). Instead, the judicial referee ruled that he lacked authority to compel the plaintiffs' counsel to alternate with the defendants' counsel and take affirmative steps toward selecting panel members as outlined in the above statute. Pursuant to Fla.App. Rule 4.6, the judicial referee thereafter certified the following question to this court:
"Under Florida Statute 768.44(2)(g), does the judicial referee have the authority to compel each attorney to take the affirmative steps towards selecting panel members as outlined in said statute?"
The threshold issue which we are confronted with prior to considering this question is whether the judicial referee of a medical mediation panel may properly certify a question of law to a district court of appeal. We hold that the judicial referee has no such authority and decline to answer the certified question.
Fla.App. Rule 4.6(a) provides as follows:
"When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction." [Emphasis added].
In our view, a judicial referee of a medical mediation panel under Section 768.44, Florida Statutes (Supp. 1976) is not a "judge of a lower court" within the meaning of Fla.App. Rule 4.6(a). Although a circuit judge may properly sit on a medical mediation panel, he is not sitting in his capacity as a circuit judge. See: Carter v. Sparkman, 335 So.2d 802 (Fla. 1976). Moreover, a medical mediation panel is not a court. It is a quasi-judicial body with limited statutory authority. And there is no provision in the law for a quasi-judicial body or administrative board to certify a question of law to a district court of appeal.
We, accordingly, decline to answer the question certified and remand the cause to the judicial referee to proceed in accordance with his general statutory authority to supervise and direct the mediation proceedings.