352 So.2d 1189 (1977)
Joanne FLOYD and John E. Floyd, Her Husband, Petitioners,
v.
Dr. S.A. GOSS, and Orange Memorial Hospital, Respondents.
No. 76-1650.
District Court of Appeal of Florida, Fourth District.
November 9, 1977.
Rehearing Denied January 9, 1978.
Michael P. Falkowski of Parker, Conrad, Falkowski, Johnson & Owen, P.A., Orlando, for appellants.
Howard R. Marsee of Pitts, Eubanks, Ross & Rumberger, P.A., Orlando, for appellee-Orange Memorial Hospital.
Janis M. Halker of Gurney, Gurney & Handley, P.A., Orlando, for appellee-Dr. S.A. Goss.
DAUKSCH, Judge.
We take this matter as a Petition for Writ of Certiorari to the Circuit Court in order to review an Order of a circuit judge sitting as a judicial referee in a medical mediation panel as provided in Section 768.133, Florida Statutes (1975), now Section 768.44, Florida Statutes (Supp. 1976). Because the statutory creation of the medical mediation panel provides very narrowly what the duties of the judicial referee are, and the case law consistently supports the narrow construction, we must quash the Order of the judicial referee because it was not within his authority to dismiss the case or enter a Judgment on the Pleadings. In Koota v. Parkway, 346 So.2d 124 (Fla.3d DCA 1977), it was held "... a judicial referee of a medical panel under Section 768.44 Florida Statutes (Supp. 1976) is not a `judge of a lower court' within the meaning of Fla.App.Rule 4.6(a)." Also see State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla.3d DCA 1977).
We hold that a circuit judge sitting as a judicial referee in a medical mediation panel is limited to act as a member of the panel with his or her authority limited by the act, supra, creating the panel and In re Transition Rule 21, 316 So.2d 38 (Fla. 1975). Such judicial referee has no authority to enter a judgment on the pleadings when the statute of limitations is pleaded and not contravened.
The Amended Judgment on the pleadings is quashed and this cause remanded to the medical mediation panel for disposition of its duties within the statutorily mandated time.
QUASHED and REMANDED.
CROSS and MOORE, JJ., concur.