360 So.2d 1092 (1978)
Oswaldo HERRERA and Aleida Herrera, Individually and As Parents and Guardians of Aleida Herrera, a Minor, Appellants,
v.
DOCTOR'S HOSPITAL and Elbert L. Fisher, M.D., Appellees.
No. 76-2353.
District Court of Appeal of Florida, Third District.
February 28, 1978.
*1093 Horton, Perse & Ginsberg, Stanley M. Rosenblatt, Miami, for appellants.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Thornton, Dougherty & Conroy and Edward N. Winitz, Miami, for appellees.
Podhurst, Orseck & Parks and Spence, Payne & Masington, Miami, for Academy of Florida Trial Lawyers, as amicus curiae.
Sams, Anderson & Ward, Miami, for Dade County Bar Association, as amicus curiae.
John E. Mathews, Jr., Jacksonville, for Florida Medical Association, as amicus curiae.
Simons & Schlesinger, Fort Lauderdale, for Broward County Trial Lawyers Association, as amicus curiae.
Before PEARSON, NATHAN and HUBBART, JJ.
NATHAN, Judge.
By this appeal we are called upon to decide whether a plaintiff in a medical malpractice action, against whom an adverse conclusion has been rendered by a medical liability mediation panel, may be denied access to a circuit court because he did not present any evidence before the mediation board in support of his claim. We hold that as long as the only aspect of the mediation proceedings admissible in evidence at trial is the panel's statutorily limited conclusion on the issue of liability, a plaintiff who has submitted his claim to the discretion of a mediation panel is not subject to having his action dismissed for failure to meet the jurisdictional requirements of Section 768.44, Florida Statutes,[1] despite the fact that he offered the panel no evidence in support of his claim.
In December, 1975, appellants, plaintiffs below, filed the statutorily mandated request for medical mediation, alleging that defendants' negligence at the time their child was born (1967) resulted in her permanent injury. In September, 1976, when the mediation panel met to consider the cause, appellants declared that they were unwilling to offer any evidence before the panel. They asserted that a full hearing would be wasteful on the facts of their case, because they intended to file an action in the circuit court regardless of the outcome of the mediation proceedings.[2]
The panel rendered its decision the same day. The decision read, in full:
We find the defendants were not actionably negligent in their care and/or treatment of the patient and we therefore find for the defendants, because the claimants chose not to present any evidence before this Mediation Panel.
No dissents or concurrences were entered.
Subsequently, appellants filed a claim in the circuit court for Dade County, alleging compliance with the mandatory mediation provisions of Section 768.44. Appellees filed separate motions for dismissal. Primary among the grounds stated in support of the motions was the allegation that the circuit court lacked jurisdiction over the *1094 claim since appellants' failure to offer any evidence at the mediation proceedings constituted non-performance of a condition precedent to the right to sue and subverted the intent of the legislature.[3] The trial court agreed and dismissed the complaint with prejudice.
Section 768.44 provides:
(1)(a) Any person or his representative claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice ... shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.
* * * * * *
(6) The claim shall be submitted to the hearing panel under such procedural rules as may be established by the Supreme Court, however, strict adherence to the rules of procedure and evidence applicable in civil cases shall not be required. Witnesses may be called; all testimony shall be under oath; testimony may be taken either orally before the panel or by deposition; copies of records, x-rays, and other documents may be produced and considered by the panel; and the right to subpoena witnesses and evidence shall obtain as in all other proceedings in the circuit court. The right of cross-examination shall obtain as to all witnesses who testify in person. Both parties shall be entitled, individually and through counsel, to make opening and closing statements. No transcript or record of the proceedings shall be required, but any party may have the proceedings transcribed or recorded. The judge presiding at the hearing shall not preside at any trial arising out of the claim or hear any application in the case not connected with the hearing itself. No other hearing panel member shall participate in a trial arising out of the claim, either as counsel or witness.
(7) Within 30 days after the completion of any hearing, the hearing panel shall file a written decision with the clerk of the court who shall thereupon mail copies to all parties concerned and their counsel. The panel shall decide the issue of liability and shall state its conclusion in substantially the following language:

(a) "We find the defendant was actionably negligent in his care or treatment of the patient and we, therefore, find for the plaintiff"; or
(b) "We find the defendant was not actionably negligent in his care or treatment of the patient and we, therefore, find for the defendant."
The decision shall be signed by all members of the hearing panel; however, any member of the panel may file a written concurring or dissenting opinion. (emphasis supplied.)
We do not believe that under this statute, as written, a plaintiff must present evidence in support of his claim at the mediation hearing as a condition precedent to his right to sue. The plain language of the statute is persuasive to our decision.
Mandatory language is used to command submission of one's claim to a mediation panel prior to initiation of a medical malpractice suit in a court. See Mount Sinai Hospital of Greater Miami, Inc. v. Wolfson, 327 So.2d 883 (Fla. 3d DCA 1976). But only precatory language is used when the statute deals with presentation of evidence before a panel. If the legislature had intended to require evidence to be produced before the panel, it could have delineated this requirement with such degree of specificity as it deemed necessary. The legislature did not do so, and it is not the province of this court to add or detract from the plain language of the statute. Florida Real Estate Commission v. McGregor, 268 So.2d 529 (Fla. 1972), and cases cited therein.
Where the language of a statute is ambiguous or doubtful in meaning the courts may well look to the purpose and *1095 policy of the statute to elucidate and explain the meaning of the language used, but it is a well-settled principle of construction that, so long as the language used is unambiguous, a departure from its plain and natural meaning is not justified by any consideration of its consequences or of public policy. It is also well settled that, where a statute is incomplete or defective because the case in question was not foreseen or contemplated, it is beyond the province of the courts to supply the omission, even though, as a result, the statute appears unfair, impolitic, or a complete nullity.
Board of Commissioners of Leon County v. State, 96 Fla. 495, 118 So. 313, at 317-18 (1928).
The Medical Malpractice Act once before has been declared to lie at the perimeter of constitutional tolerance. Carter v. Sparkman, 335 So.2d 802 (Fla. 1976).[4] The Carter Court noted that "[a]lthough courts are generally opposed to any burden being placed on the rights of aggrieved persons to enter the courts because of the constitutional guarantee of access, there may be reasonable restrictions prescribed by law," Id. at 805 (emphasis supplied), and it recognized that the statute did impose severe restrictions on a claimant. The question of what constitutes "submission of a claim" was not before the Carter Court. We deem it unnecessary to extend the Medical Malpractice Act's constitutional limits any farther by judicially imposing a burden on a claimant which we do not find mandated either by the plain language of the statute or by the court imposed rules governing procedure at mediation hearings.[5]
The crux of the problem before us lies in a determination of what constitutes "submission of a claim" for purposes of the Medical Malpractice Act. The word "claim" in the crucial phrase presents no significant problems of definition. Both under the statute itself and under the rules governing mediation procedures, a claim is essentially a statement of facts describing the alleged acts of malpractice; that is, a pleading comparable to a complaint under the Florida Rules of Civil Procedure.
The word "submit" is not subject to similar dispatch in definition. A leading legal dictionary defines "submit" as:
"To commit to the discretion of another." (citations omitted)... . to present for determination... ."
Black's Law Dictionary, Revised Edition, 1968, at 1594. Appellees would have us equate mandatory submission of a claim with mandatory submission of evidence, an equation not apparent in the language chosen by the legislature.
Appellees' arguments focus, not on the clear distinction between the mandatory and the precatory terms in the statute, but on an inferred enlargement of the scope of the Act by a definition of the word "submit" which would require that all claimants must produce "some" evidence before the panel in support of their claims. But what constitutes "some" evidence? Absent legislative guidance, a boundless quagmire of tactical delaying actions can be envisioned in relation to the question, none of which would serve beneficial ends.
In addition to the difficulties of determining how much evidence is enough in any given situation to satisfy what appellees *1096 contend are jurisdictional requirements, and in addition to the fact that we find the statutory language at issue sufficiently unambiguous to vitiate the need for judicial construction, we believe the provisions of Sections 768.44(7) and 768.47[6] present such substantial obstacles to claimants who present no evidence before the panel that strict adherence to these provisions satisfies the "submission" requirement of the Act.
Section 768.44(7) limits the conclusion which the panel may reach to a simple finding of either actionable negligence or no actionable negligence. Section 768.47 allows only this limited conclusion on the issue of liability to be admitted into evidence in any subsequent litigation on the matter. A plaintiff against whom an adverse conclusion has been entered by a mediation board can show no reasons for the board's finding when he litigates the matter in court. And if he has chosen to present no evidence to the panel, he must live with its finding of no actionable negligence in any subsequent suit arising from the claim. In view of these burdensome restrictions, it would seem illogical to conclude that he has not been forced to "submit" his claim to the discretion of the mediation panel.
In the instant case, the conclusion reached by the mediation panel went beyond the limits prescribed in the statute. By including a reason for its decision as a part of its conclusion, the board substantially transgressed the limitations of Section 768.44(7). Therefore, when appellants return to court to try their suit, the following clause must be stricken from the conclusion admissible in evidence:
"... because the claimants chose not to present any evidence before this Mediation Panel."
Neither reasons for the panel's conclusion nor comments on any such reasons are admissible in evidence at a subsequent trial of the claim, including the fact that claimant presented no evidence before the panel.
There is yet another basis for our finding that submission of a claim does not require the presentation of evidence before the panel as long as a claimant bears, in any ensuing litigation on the claim, the mandated burden of his previous failure to present evidence. The Florida Supreme Court in Carter, supra, impliedly regarded the mediation panel's hearing as substantially equivalent to an administrative hearing. See 335 So.2d 802 at 805. But imposing and very meaningful differences obtain between review of administrative hearings under the Administrative Procedure Act, Chapter 120, Florida Statutes (1977), and the limited review available to a party to a medical mediation board hearing.
Under the APA, the final order in a proceeding which affects a party's substantial interests must include findings of fact and conclusions of law, separately stated. Section 120.59(1), Florida Statutes (1977). Complete records must be kept in any such proceeding. Section 120.57(1)(b)(5). A party who is adversely affected by final agency action is entitled to judicial review, Section 120.68(1), by filing petition in the district court of appeal, Section 120.68(2). This review is based on a record of the proceedings before the administrative agency, Sections 120.68(4)(5), and the court is authorized by the statute to act definitively on the basis of the record before it. Thus a party whose substantial interests are affected adversely *1097 by final agency action has the clear right to ask a court to determine whether competent, substantial evidence supports an agency's findings.
The provisions of the Medical Malpractice Act notably contrast with these rules. They impel a dissatisfied claimant into de novo litigation both by what they state and what they omit. Most notable among the Act's omissions is its failure to specifically provide for judicial review of mediation proceedings. The Act countenances, if it does not counsel, trial de novo when it provides: "In the event any party rejects the (panel's) decision... the claimant may institute litigation based upon the claim in the appropriate court," Section 768.47(1). It then diminishes a discontented claimant's opportunity to have the findings of fact or the rationale of the panel reviewed by a court by requiring, in Section 768.47(2) that an unsuccessful claimant must bear the encumbrance of a mediation panel's naked conclusion in a subsequent trial. It appears clear that extensive judicial review of the substance of mediation proceedings is not contemplated by the Act.
Nor do the newly adopted Rules of Medical Mediation Procedure appear to contemplate such review. They rather enhance the isolated and limited nature of mediation proceedings. Third party practice, crossclaims and counterclaims are barred. No pleadings or motions other than an answer are allowed in response to a claim. Motions directed toward the sufficiency of a claim or for summary dismissal are disallowed. See In re The Florida Bar, supra, note 5. The contrast between mediation proceedings and true administrative proceedings is apparent.
Recent case law confirms the fact that a judicial referee is without authority to summarily dismiss a case even when an uncontroverted statute of limitations defense is involved. See Floyd v. Goss, note 2 supra. Thus in a situation such as that presented by the instant case, where plaintiffs know that, win or lose before the panel, they will eventually have to counter a statute of limitations defense, the presentation of evidence before the panel could only result in duplication of effort and substantial waste of time.
In light of the combination of factors outlined herein, we are unable to conclude that appellants should be denied access to the courts because they chose not to offer evidence before the panel. The language chosen by the legislature permits claimants to submit their claim to a mediation panel and stand mute before that panel, regardless of the underlying reasons for their silence, as long as they accept the burden the panel's conclusion casts upon them. Only the legislature can rectify this situation. Claimants selected the degree of proof they desired to present to the mediation panel, none whatsoever, and thereby assured a finding in favor of defendants which may be made known to the jury in the ensuing court action. This is the sanction demanded by the statute for failure to prove their claim.
Therefore, we hold that appellants have met the requirements of the Medical Malpractice Act by submitting their cause to the discretion of a mediation panel prior to instituting suit. The trial court erred in dismissing their suit with prejudice, and its decision is reversed and remanded with instructions to permit appellants to reinstitute their suit on condition that the conclusion of the mediation board, nothing else and nothing more, be admissible in evidence at trial, and that counsel be prohibited from informing the jury about the stricken portion of the panel's decision.
Reversed and remanded for proceedings consistent herewith.
PEARSON, Judge (dissenting).
I would affirm the trial judge's order upon the following holding of the trial judge:
"It appears abundantly clear to this Court from an examination of the Act itself, and its intent and purposes, that the Florida Legislature intended that the Medical Mediation panels provided for would conduct a hearing on the merits of the case before it. It appears to be eminently clear that the Legislature in its *1098 approach to the public health crisis in Florida, by this Act, seeks to remove from the Court system of this State those medical malpractice cases which are patently frivolous, or clearly meritorious, and those which are subject to settlement after the parties have been brought together with a disinterested mediator and to act as preliminary screening panels to determine issues of liability and damages. A compliance with this mediation procedure is and should be a jurisdictional prerequisite to the bringing of a medical malpractice suit in the Court of Florida. The procedure followed by the plaintiffs in this case attempt to make a mockery and a sham of the procedure enacted by the Legislature and upheld by the Supreme Court of Florida and appears to be a deliberate attempt to circumvent and evade the provisions of the Act. To permit and condone the procedure followed by the claimant before the medical mediation panel would make an absurdity of the Act."
* * * * * *
I would hold that where the trial judge finds that there has not been a good faith compliance with the statute, he has the jurisdiction to dismiss the complaint. Upon review, the question presented would be whether the record supports the trial judge's finding.
NOTES
[1] Formerly § 768.133, Fla.Stats. Amended by Laws, 1976, Ch. 76-260, § 7, effective July 1, 1976.
[2] Plaintiffs believed a major factor in their case centered on a statute of limitations problem, and this would require additional litigation regardless of the panel's decision. In this context, we note that the subsequently decided case of Floyd v. Goss, 352 So.2d 1189 (Fla. 4th DCA 1977) held that a judicial referee was without authority to enter a judgment on the pleadings even in a situation in which a statute of limitations defense was not contravened.

Plaintiffs also admitted their intention to circumvent the statute.
[3] One defendant did assert that § 95.11(4), Fla.Stats., the applicable statute of limitations, barred the claim.
[4] Carter dealt with the constitutionality of the statute. We do not reach the issue of its constitutional viability when additional burdens are placed upon a claimant because we deem our decision on the statute's enunciated requirements to make resolution of constitutional issues unnecessary. We note however, that the Carter Court did not review a situation in which a claimant had submitted his cause to a mediation panel prior to instituting litigation in the courts. In that case, the claimant had alleged that the requirement of filing a claim with the mediation panel prior to litigating it was unconstitutionally burdensome when a defendant was not required to answer that claim. This requirement was held reasonable when the statute was construed as requiring the fact of a defendant's nonparticipation to be admissible in evidence in subsequent proceedings.
[5] In re Transition Rule 21, 316 So.2d 38 (Fla. 1975); In re The Florida Bar, Rules of Medical Mediation Procedure, 348 So.2d 547 (Fla. 1977).
[6] Renumbered from § 768.134 in Fla.Stats. (Supp. 1976). This section provides:

(1) In the event any party rejects the decision of the Medical Liability Mediation Panel, the claimant may institute litigation based upon the claim in the appropriate court...
(2) The conclusion of the hearing panel on the issue of liability may be admitted into evidence in any subsequent trial. However, no specific findings of fact shall be admitted into evidence at trial. Parties may, in the opening statement or argument to the court or jury, comment on the panel's conclusion in the same manner as any other evidence introduced at trial. If there is a dissenting opinion, the numerical vote of the panel shall also be admissible. Panel members may not be called to testify as to the merits of the case. The jury shall be instructed that the conclusion of the hearing panel shall not be binding, but shall be accorded such weight as they choose to ascribe to it. (emphasis supplied).