356 So.2d 829 (1978)
Frank MORALES and Nancy Morales, Husband and Wife, Petitioners,
v.
The Honorable John H. MOORE, II and the Honorable W. Herbert Moriarty, Circuit Judges of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondents.
No. 77-1055.
District Court of Appeal of Florida, Fourth District.
February 28, 1978.
Rehearing Denied April 10, 1978.
Todd L. Smith, of Widoff, Marino & Smith, P.A., Fort Lauderdale, for petitioners.
Nancy Little Hoffmann, and George E. Bunnell, of Huebner, Shaw & Bunnell, Fort Lauderdale, for Steven Michaels, D.P.M.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for respondents.
PER CURIAM.
Petitioners seek a writ of prohibition to prevent the appointment of a podiatrist to a medical liability mediation panel. We issued a Rule Nisi that directed the respondents to show cause why the writ should not be granted and also stayed further proceedings. Having now considered the arguments of the parties we conclude that prohibition is not the appropriate remedy; instead we exercise our discretion to treat the suggestion for writ of prohibition as a petition for common law writ of certiorari.
Petitioners filed a medical malpractice claim against two podiatrists and a hospital. *830 The claim was assigned to a judicial referee. The hospital and the podiatrists requested that a podiatrist be appointed as the medical member of the mediation panel. The referee entered an order listing the names of five podiatrists. From these five the medical member of the mediation panel was to be chosen. The five were selected at random from a list of podiatrists that had been compiled by the chief judge of the circuit.
When the Legislature first established the procedure for medical liability mediation panels, claims based upon the alleged malpractice of podiatrists were not included. The statute was subsequently amended to include claims against podiatrists, Chapter 76-260, Laws of Florida (1976), but no provision was made for podiatrists to be included on the list from which members of the mediation panel are selected. Section 768.44(2)(a), Florida Statutes, gives the chief judge authority to complete a list of physicians licensed to practice under either Chapter 458 or Chapter 459. Podiatrists, however, are licensed under Chapter 461. Respondents argue that the omission of podiatrists in Section 768.44(2)(a) was a legislative oversight and that the court should supply the missing words. This we cannot do. Even though it might appear logical to include podiatrists on medical liability mediation panels, the wisdom of a legislative act is for the Legislature to determine. Also, more than a year has passed since the statute was amended to require that medical malpractice claims against podiatrists be submitted to mediation. If the failure to allow podiatrists to serve on mediation panels was an oversight, the Legislature, during its 1977 session, had the opportunity to correct that omission. Since it failed to do so we assume that podiatrists were intentionally omitted.
We conclude that respondents departed from the essential requirements of the law because they had no statutory authority to prepare or use a list of podiatrists for the selection of the medical member of a medical liability mediation panel and further that petitioners have no adequate remedy by appeal. We therefore grant certiorari and quash the part of the referee's order that names podiatrists as prospective members of the mediation panel in this case.
Finally, we note that petitioners' claim was filed on February 14, 1977. Normally the jurisdiction of a medical liability mediation panel terminates ten months after the claim is filed. Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977). In the present case more than ten months have now passed since the claim was filed, but part of the delay is attributable to us. The parties should not be deprived of their right to mediation because we stayed all proceedings pending our decision. Compare: State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977); State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977). Upon remand, the parties shall be allowed to complete the mediation hearing within that part of the ten-month period that remained when we stayed the proceedings on May 16, 1977.
CERTIORARI GRANTED.
ALDERMAN, C.J., and DOWNEY and LETTS, JJ., concur.