360 So.2d 42 (1978)
George HUBACHER, D.O., Petitioner,
v.
June LANDRY et Vir., Respondents.
No. 77-2577.
District Court of Appeal of Florida, Third District.
June 13, 1978.
Rehearing Denied July 7, 1978.
Fleming, O'Bryan & Fleming and William D. Ricker, Jr., Fort Lauderdale, for petitioner.
Spence, Payne & Masington, Daniels & Hicks, Miami, for respondents.
*43 Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is an original petition for writ of certiorari filed by the defendant in a medical mediation proceeding. The claimants in such proceeding are made respondents by this petition for writ of certiorari and have filed a motion to dismiss the petition herein for lack of jurisdiction.
The issue which this motion presents for review is a critical one, namely, whether this court has jurisdiction to review by a petition for writ of certiorari [or by any other original writ proceeding under Fla.R. App.P. 9.100] (1) a decision on the admission of evidence at a medical mediation hearing, and (2) the ultimate finding of a medical mediation panel, under Section 768.44, Florida Statutes (1977). We hold that this court has no jurisdiction by certiorari or any other original proceeding to review a decision or order of a medical mediation panel under Section 768.44, Florida Statutes (1977), save for those decisions or orders which touch upon the jurisdiction of the said panel to hear the medical malpractice claim itself. We, accordingly, grant the respondents' motion herein as well taken and dismiss the instant petition for a writ of certiorari.
It appears without dispute from the petition for writ of certiorari and supporting record that on January 10, 1977, the medical claimants June Landry and Ira Landry filed a request for medical mediation under Section 768.44, Florida Statutes (1977), against the medical defendants George Hubacher, D.O., Leon Shore, D.O., Shore, Munroe and Yeamons, P.A. and the Community Hospital of South Broward Corp. All the parties timely answered the request for mediation, discovery was accomplished, and a medical mediation panel selected. The claimants voluntarily dismissed the Community Hospital of South Broward from the case.
On November 9, 1977, the matter came on for final hearing before the mediation panel at which time testimony was taken and argument from the respective parties was heard. The judicial referee during the hearing granted the claimants' oral motion for protective order prohibiting the defendant Hubacher from calling a medical doctor to testify as an expert witness. At the conclusion of the hearing, the mediation panel entered findings of no actionable negligence in favor of Dr. Shore as well as the partnership Shore, Munroe & Yeamons. The panel entered a finding of actionable negligence against the defendant Dr. Hubacher.
Dr. Hubacher has filed the instant petition for writ of certiorari in which he contends that the decision of the medical mediation panel finding him actionably negligent departed from the essential requirements of law in that the evidence was insufficient to sustain any finding of negligence. Dr. Hubacher further contends the judicial referee departed from essential requirements of law in denying him the opportunity to present his expert witness during the final hearing.
Florida courts in an unbroken line of decisions have held that original petitions for extraordinary writs of certiorari, prohibition and mandamus lie to review decisions of a medical mediation panel relating solely to the jurisdiction of said panel to hear the plaintiff's claim under Section 768.44, Florida Statutes (1977). Most of these cases have dealt with the strict jurisdictional time limits within which a medical malpractice claim must be heard by the medical mediation panel.[1] Other decisions have *44 dealt with the jurisdictional time limit within which an answer must be filed by the medical defendant[2], the jurisdiction of the medical mediation panel to proceed with patently unqualified members,[3] and the termination of jurisdiction of the medical mediation panel by a judgment on the pleadings,[4] or by a summary judgment,[5] both of which have been held unauthorized.
These decisions have all been confined to fundamental jurisdictional issues for good reason. The entire purpose of the Medical Malpractice Reform Act would be frustrated if the jurisdiction of the medical mediation panel could be erroneously defeated or maintained in violation of the plain terms of the Act. Prompt and adequate review of such jurisdictional decisions by extraordinary writ (mainly through certiorari, but also by prohibition and mandamus) is a compelling need under the circumstances because the aggrieved party has no other adequate legal remedy to cure such a fundamental error. Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977); Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977).
The same cannot be said of non-jurisdictional issues which may arise during the course of the medical mediation proceeding such as those involved in the instant case. Questions concerning the admissibility of evidence at the medical mediation hearing or the sufficiency of the evidence to support the finding of the medical mediation panel are not matters of such extreme importance that they can be said to go to the integrity of the Medical Malpractice Reform Act. The purposes of the Act are in no sense thwarted by requiring the party claiming error on such issues to object to the admissibility of the panel's finding on whatever non-jurisdictional ground may seem appropriate when offered in evidence at the circuit court trial and thereafter to seek review of any adverse ruling thereon by appeal. Such party has an adequate legal remedy by these trial and appellate procedures and has not in any sense been substantially harmed. Under the law of this state, certiorari review does not lie under such circumstances. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, 545 (1942); Tart v. State, 96 Fla. 77, 117 So. 698 (1928); Ford Motor Co. v. Nelson, 355 So.2d 158 (Fla. 4th DCA 1978); Johnson v. General Motors Corp., 350 So.2d 1119 (Fla. 4th DCA 1977); Pullman Co. v. Fleishel, 101 So.2d 188 (Fla. 1st DCA 1958).
There is another compelling consideration which supports the result which we reach in this case. It is the medical defendant herein who seeks certiorari review from the medical mediation panel's findings on the above non-jurisdictional issues. In Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), the Florida Supreme Court held that the pre-litigation burden cast upon the claimant by a medical mediation proceeding under Section 768.44, Florida Statutes (1977), reaches the outer limits of constitutional tolerance with respect to the plaintiff's right of access to the courts. To allow the medical defendant herein to use extraordinary legal remedies in non-jurisdictional matters to review the finding or the admission of evidence before the medical mediation panel where there are adequate means of legal review thereof increases the plaintiff's pre-litigation burden beyond the limits of constitutional tolerance. The medical defendant once having submitted to medical mediation could conceivably postpone the circuit court proceedings on the plaintiff's *45 common law action for an indefinite period by litigating through extraordinary writ proceedings various non-jurisdictional matters arising during the course of the medical mediation proceedings. In our view, this would place an intolerable burden on the plaintiff's constitutional right of access to the courts.
For the above-stated reasons, the respondents' motion to dismiss the petition for writ of certiorari herein is granted.
NOTES
[1] § 768.44(3), Fla. Stat. (1977); Love v. Jacobson, 358 So.2d 1179 (Fla. 3d DCA 1978); Febles v. Abercrombie, 358 So.2d 568 (Fla. 2d DCA 1978); Letts v. Davis, 356 So.2d 910 (Fla. 1st DCA 1978); Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978); Kirschgessner v. Miami International Hospital, 356 So.2d 11 (Fla. 4th DCA 1977); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977); State ex rel. Lund v. Keough, 352 So.2d 572 (Fla. 2d DCA 1977); Perkins v. Pare, 352 So.2d 65 (Fla. 4th DCA 1977); Limond v. Llanio, 349 So.2d 214 (Fla. 3d DCA 1977); Mercy Hospital, Inc. v. Badia, 348 So.2d 631 (Fla. 3d DCA 1977); State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977); State ex rel. Love v. Jacobson, 343 So.2d 1328 (Fla. 3d DCA 1977); State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977).
[2] § 768.44(1)(c), Fla. Stat. (1977); Latorra v. Patrick, 359 So.2d 463 (Fla. 4th DCA 1978); Johnson v. Crawford, ___ So.2d ___ (Fla. 4th DCA 1978) (case no. 77-233, opinion filed April 10, 1978); Scherer v. Liberto, 353 So.2d 1224 (Fla. 4th DCA 1977).
[3] § 768.44(2)(a), Fla. Stat. (1977); Morales v. Moore, 356 So.2d 829 (Fla. 4th DCA 1978).
[4] Floyd v. Goss, 352 So.2d 1189 (Fla. 4th DCA 1977).
[5] Drs. Howard & Scott, P.A. v. Edwards, 353 So.2d 175 (Fla. 4th DCA 1977).