ERVIN, Judge.
Petitioners for writ of certiorari contend that the judicial referee of a medical liability mediation panel was without jurisdiction to enter an order granting respondents’ motion for a judgment of default.
On November 3,1976, petitioners, Samuel Shaun Taylor, a minor, and his father, filed their complaint alleging medical malpractice against respondents Dr. Gilman and Munroe Memorial Hospital. Respondents answered. On November 30, 1976, the hospital mailed petitioners’ counsel interrogatories. Dr. Gilman also sent interrogatories on December 17, 1976. Within two months petitioners answered the two sets of interrogatories except for questions, in both, about expert witnesses whom petitioners expected to use. One month after the answers were returned incomplete, respondents filed a motion to compel answers. Hearing on the motion was in April, but no written order was entered after petitioners’ attorney stated he hoped the answers could be furnished to respondents within 30 days. The answers still were not filed, and in June the judicial referee granted the motion to compel complete answers to the interrogatories. Petitioners still did not answer.
On August 2, 1977, one month before the ten month jurisdictional deadline of Section 768.44(3), Florida Statutes (1977), respondents’ motion for judgment of default was heard before the judicial referee who granted the motion, finding petitioners’ failure to answer the interrogatories was “an intentional attempt to evade the statutory jurisdiction of the medical mediation panel.” Petitioners moved to strike the motion, contending they had received inadequate notice, then filed incomplete answers to the interrogatories alleging they did not yet have an expert witness. At the August 17 hearing, treated as a hearing on a motion to vacate the default, the judicial referee reconsidered the merits of respondents’ motion for judgment of default and denied petitioners’ motion, stating he would probably set aside the judgment of default if the time within which the panel had jurisdiction could be extended.
The Transition Rule, in effect when this complaint was before the panel, states that “[t]o the extent applicable, the rules of civil procedure shall apply to all proceedings before the Medical Liability Mediation Panels.” In re: Transition Rule 21, 316 So.2d 38, 39 (Fla.1975). Moreover, Section 768.-44(5), Florida Statutes (1977), states:
All parties shall be allowed to utilize any discovery procedure provided by the Florida Rules of Civil Procedure. Any motion for relief arising out of the use of such discovery procedure shall be decided by the judicial referee. The judicial referee may in his discretion make reasonable limitations on the extent of discovery.
No other provision in that rule makes inapplicable the sanction provided by Fla.R. *144 Civ.P. 1.380(b) 2(C), allowing dismissal of a case for a party’s failure to make discovery after a court order. Further, the Transition Rule is to be construed “to secure the just, speedy and inexpensive determination of every matter presented to [medical liability mediation panels].” In re: Transition Rule 21, supra, at 39.[1] Petitioners do not argue that their failure to complete discovery was not an effort to allow the ten month jurisdiction of the panel to pass without a hearing. Under these circumstances the referee was well within his power to dismiss the case without causing the parties further expense and time.
The judicial referee’s order did not pretend to determine the parties’ legal rights absolutely, and petitioners may still complain in circuit court. See Simmons v. Faust, 358 So.2d 1358 (Fla.1978) and Floyd v. Goss, 352 So.2d 1189 (Fla. 4th DCA 1977).
The petition for certiorari is DENIED.
MILLS, Acting C. J., and BOOTH, J., concur.

. Transition Rule 21 was replaced by the Florida Rules of Medical Mediation Procedure, effective September 1, 1977. Fla.R.Med.P. 20.-140(b), while allowing orders compelling discovery, specifically provides: “The provisions of Florida Rules of Civil Procedure, Rule 1.380 shall not apply to proceedings under these rules.”