HUBBART, Judge.
This is a petition for writ of certio-rari seeking review of an order entered by the judicial referee in a medical mediation proceeding, under Section 768.44, Florida Statutes (1977). As this order dismisses the medical claimants’ claim prior to a final hearing, the order directly touches upon jurisdiction of the mediation panel to hear such claim. We therefore have jurisdiction to review the order by certiorari. Hubacher v. Landry, 360 So.2d 42 (Fla. 3d DCA 1978).
The central issue presented for review is whether a judicial referee in a medical mediation proceeding under Section 768.44, Florida Statutes (1977), may dismiss the medical mediation claim on the ground that the claim is baseless because the claimant’s testimony is not credible or worthy of belief. We hold that the judicial referee has no such authority and quash the order under review.
In the instant case, the claimants [petitioners herein] June and Bertram Finnk filed a medical mediation claim against the defendants [respondents herein] Dr. John R. Tanner and Drs. Mitchell & Tanner, P. A., pursuant to Section 768.44, Florida Statutes (1977). Timely answers were filed and the cause proceeded to discovery. The defendants thereafter filed a motion for the judi *525 cial referee to enter a finding of no actionable negligence prior to a full hearing by the medical mediation panel. The motion was based on the prior discovery in the case and alleged that the medical claim herein had no substance in that the medical claimant June Finnk had committed perjury. The latter subsequently filed an affidavit denying the suggestion of perjury.
The above motion came on for a hearing before the judicial referee at which testimony was taken. Following the hearing, the judicial referee entered an order dismissing the medical claim herein based on a finding that there was “no credibility to the claim as the [claimants’ testimony is in no way credible or worthy of belief.” The claimants now seek certiorari review of this order.
The law is well-settled that a judicial referee in a medical mediation proceeding under Section 768.44, Florida Statutes (1977), has no authority to terminate the mediation proceedings by entering a summary judgment or a judgment on the pleadings. Hubacher v. Landry, 360 So.2d 42, 44 (Fla. 3d DCA 1978); Floyd v. Goss, 352 So.2d 1189 (Fla. 4th DCA 1977); Drs. Howarth & Scott, P. A. v. Edwards, 353 So.2d 175 (Fla. 4th DCA 1977). If the referee’s order of dismissal herein be interpreted as a summary judgment for the defendant, it was therefore plain error. On the other hand, if the order be interpreted as a finding for the defendant based on disputed issues of fact, it was equally erroneous as only the full medical mediation panel is entitled to make such a determination after a full hearing. § 768.44(6), (7), Fla.Stat. (1977). As such, the order under review must be quashed.
We do not deal here with a dismissal or default of a medical mediation claim based on the claimant’s disobedience of orders entered by the judicial referee in the proceeding. Taylor v. Munroe Memorial Hospital, 362 So.2d 142 (Fla. 1st DCA 1978). Nor are we concerned, contrary to the defendants’ contention herein, with the power of the judicial referee to dismiss a medical mediation claim based on fraud, pretense, collusion or other similar wrongdoing. See Young v. Curgil, 358 So.2d 58, 59 (Fla. 3d DCA 1978). Even if the judicial referee possesses such authority, an issue we need not decide here, he made no finding to that effect and, indeed, the record before him would not have supported such a finding in any event.
The order under review is quashed and the cause remanded to the judicial referee with directions to resume the medical mediation proceeding in accord with the statute.