### MORGAN v. BOCA RATON COMMUNITY HOSPITAL, Inc., et al.

No. MLMC 78-15-B.

Circuit Court, Palm Beach County.

April 30, 1979.

William D. Thompson, Fort Lauderdale, and Edna Caruso, West Palm Beach, for the claimant.

H. Dane Mottlau, Miami, for the defendant hospital.

L. Martin Flanagan, West Palm Beach, for the defendant Harold C. Friend, M. D.

DANIEL T. K. HURLEY, Circuit Judge.

After a medical mediation panel returned a decision in favor of the defendant, Harold C. Friend, M. D., finding no actionable negligence, Dr. Friend filed a motion pursuant to Florida Statute 57.105 seeking an award of attorney's fees. That statute reads —

> "The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party."

The threshold question is whether a medical mediation proceeding is a "civil action" within the meaning of Florida Statute 57.105. Admittedly, Florida's medical mediation proceedings are hybrid administrative hearings existing on ". . . the outer limits of constitutional tolerance . . ." *Carter v. Sparkman*, 335 So.2d 802,806 (Fla. 1976) And though Rule 20.030(a), Fla.R.Med.P., suggests that the words "court" and "judicial referee" are synonymous, this is true only in a limited sense. In *Koota v. Parkway General Hospital, Inc.*, 346 So.2d 124,125 (Fla.3d DCA 1977), the court further defined the function and authority of the judicial referee and the mediation panel —

> "In our view, a judicial referee of a medical mediation panel under Section 768.44, Florida Statutes (Supp. 1976), is not a "judge of a lower court" within the meaning of Fla. App. Rule 4.6(a). Although a circuit judge may property sit on a medical mediation panel, he is not sitting in his capacity as a circuit judge. Moreover, a medical mediation panel is not a court. It is a quasi-judicial body with limited statutory authority." (Citations omitted.) See also *Wunderlich v. Boca Raton Community Hospital, Inc.*, 48 Fla. Supp. 56 (Fla. 15th Cir. Ct. 1978).

The decision in this case cannot be drawn mechanically from a simple classification, i.e., administrative hearing versus a traditional judicial proceeding. There are a host of cases which for compelling reasons, hold that for some purposes, administrative hearings meet the requirements of civil action. See, e.g., *Donovan v. Barnes*, 548 P.2d 980 (Ore. Sup. Ct. 1976) and *Kauffman v. A. H. Robins Co.*, 448 S.W.2d 400 (Tenn. Sup.Ct. 1969). The issue then is whether the Florida legislature intended this particular type of administrative hearing, viz., a medical mediation hearing, to be a "civil action" as that term is used in Florida Statute 57.105.

In seeking an answer to this question it must be assumed that the legislature was well aware of the court's holding in *Carter v. Sparkman*, supra, that the pre-litigation burden of 768.44 was at the very limit of constitutional tolerance. *Stern v. Miller*, 348 So.2d 303,308 (Fla. 1967). Moreover, "while courts are not at liberty to resort to rules of statutory interpretation where the language is plain and unambiguous . . . where the words are ambiguous the cardinal rule of construction is to interpret the statute in such a way that effect be given to the intention of the legislature." (Citations omitted). *State Farm Mut. Auto Ins. Co. v. O'Kelley*, 349 So.2d 717,718 (Fla. 1st DCA 1977).

The term "civil action" as used in Florida Statute 57.105 is ambiguous. As such, it becomes the court's duty to construe it in

such a way as to preserve the statute's harmony with other statutes and thereby safeguard their constitutionality. See *State v. Gale Distributors, Inc.*, 349 So.2d 150,153 (Fla. 1977). Placing 768.44 and 57.105 side by side, there is no indication that the legislature intended one to apply to the other. If this were so, the already heavy burden of 768.44 would be substantially increased. Indeed, recognizing that such an increase might well tip the balance toward unconstitutionality, there is every reason to discern the legislature's intent that the phrase "civil action" in Florida Statute 57.105 be construed to exclude mediation hearings. The court therefore concludes that medical mediation proceedings conducted pursuant to Florida Statute 768.444 are not "civil actions" within the meaning of Florida Statute 57.105. Cf. *State v. Lane*, 45 Fla. Supp. 145 (Fla. Palm Beach Cty. Ct. 1977). Consequently, a prevailing party in a medical mediation proceeding is not entitled to recover attorney's fees despite a showing of a complete absence of a justiciable issue of either law or fact.

Accordingly, it is ordered and adjudged that the defendant, Harold C. Friend's motion for an award of attorney's fees be, and the same is herewith denied.