PER CURIAM.
Davis Des Rocher Sand Corp. appeals an order of the Weight Review Board (Department of Transportation) denying its request for penalty adjustment arising out of a highway overweight citation.
On February 13, 1978 Miramar Rock sold to the appellant, Davis Des Rocher Sand Corp. (Des Rocher), a truckload of pearock. The truck was owned by Des Rocher and operated by Jose Gonzalez, a Des Rocher employee. The total weight of the truck and pearock was 72,630 lbs. which was stamped on the receipt given to Gonzalez. The scale used by Miramar was certified by the State of Florida to be correct and accurate. On the following day, February 14, Gonzalez departed from Miramar with the loaded truck and was subsequently stopped on the highway by a Florida Highway Patrolman who suspected that the weight of the truck surpassed the legal limit, 73,271 lbs. (66,600 lbs. plus an additional 10% in scale tolerance). The patrolman ordered Gonzalez to drive the truck upon the portable scales which he (the patrolman) had. The truck weighed 76,000 lbs. according to the portable scales, and the patrolman issued Gonzalez and Des Rocher a citation and assessed a $136.45 penalty. Gonzalez drove to Des Rocher, reported the incident, and the loaded truck was immediately weighed on Des Rocher’s scales which indicated 71,280 lbs. as the total weight. The discrepancy between the Miramar and Des Rocher weights was due to the fact that the pearock was wet at the time of loading and a loss of moisture had occurred overnight before the truck left the Miramar yard on the next day. On March 9, Des Rocher wrote the Weight Review Board a letter taking exception to the determination by the patrolman that the gross weight was 76,000 lbs. and requested a hearing. Des Rocher also posted a bond in lieu of the penalty payment. On July 19 the Weight Review Board convened to hear Des Rocher’s case. Counsel for Des Rocher was permitted to speak but Des Rocher’s witnesses were not permitted to testify. The Weight Review Board presented no evidence on its own behalf. Thereafter, by letter of July 27 the Board notified Des Rocher that its request for adjustment was denied. Des Rocher appeals therefrom and contends that they were denied a formal hearing and the action of the Board was not supported by competent substantial evidence. We agree.
As in this case, a party whose substantial interests are affected adversely by final agency action has a clear right under Section 120.57(1), Florida Statutes (1977) to ask the court to determine whether substantial competent evidence supports the findings of the agency. Herrera v. Doctor’s Hospital, 360 So.2d 1092, 1096-97 (Fla.3d DCA 1978). Further, an agency’s failure to enter a proper order to afford a hearing is an occasion for judicial review. Harris v. Florida Real Estate Com’n, 358 So.2d 1123, 1124-25 (Fla.1st DCA 1978).
By letter of March 9 Des Rocher requested a hearing and informed the Board that it would have witnesses present. Again, by letter of July 10 Des Rocher informed the Board about bringing witness. Obviously, Des Rocher contemplated a hearing pursuant to Section 120.57(1), Florida Statutes (1977). Des Rocher having been denied the type of hearing required by this section, we hereby vacate the order of July 27 and in the interests of justice remand the cause to the Weight Review Board with directions to hold a hearing as required under Section 120.57(1), Florida Statutes (1977). See Capeletti Bros. v. State, Dept. of Transp., 362 So.2d 346 (Fla.1st DCA 1978) and Section 120.68(8), Florida Statutes (1977).
Reversed and remanded.