DOWNEY, Chief Judge.
Petitioner, Morris L. Okun, seeks quashal of an order of the Judicial Referee, dated February 14, 1979, and termination of a medical mediation proceeding.
Petitioner contends the Judicial Referee erred in entering an order of February 14, 1979, because there were several violations of Section 768.44(2)(g), Florida Statutes (1977), and Florida Rule of Medical Mediation Procedure 20.130, having to do with appointment of physician panel members. However, none of the alleged violations is jurisdictional and thus review by certiorari is not available to petitioner. Hubacher v. Landry, 360 So.2d 42 (Fla.3d DCA 1978).
In addition to requesting quashal of the order of February 14, 1979, the petition requests this court to issue a writ of certio-rari and terminate the medical mediation proceeding. However, the record reflects that the clerk of the Circuit Court terminated that proceeding four days after the petition for certiorari was filed.
After the filing of this petition for writ of certiorari and the termination of the mediation proceeding petitioner filed his malpractice claim in the Circuit Court. Respondent, Alexander Bolton, M.D., has moved this court to dismiss the petition for writ of certiorari on the ground that the issue presented is moot since the mediation proceeding has been terminated. However, petitioner contends the issue is not moot because Respondent-Bolton has filed a defense in the Circuit Court suit that the medical mediation proceeding was not properly terminated.
We would dispose of petitioner’s contention by suggesting that the validity of the termination order can be tested in the Circuit Court malpractice case if it becomes an issue in that litigation. Hubacher v. Landry, supra.
In view of the foregoing, the petition for writ of certiorari is denied.
LETTS and BERANEK, JJ., concur.