345 So.2d 402 (1977)
Dr. George RICHARDS, Appellant,
v.
William Henry FOULK, Jr., Appellee.
No. 77-16.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Rehearing Denied May 25, 1977.
Magill, Sevier & Reid and Victor H. Womack, Miami, for appellant.
Cohen & Kokus, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PEARSON, Judge.
The appellant is a medical doctor who is the defendant in an action claiming medical malpractice. He appeals an order denying his motion to dismiss the complaint upon the ground that the plaintiff had not submitted his claim to mediation of the Medical Malpractice Reform Act of 1975, Section *403 768.133, Florida Statutes (1975).[1] Appellant urges that because of plaintiff's failure properly to prosecute his claim for medical mediation, which was filed but not prosecuted, that the court lacks jurisdiction of the subject matter and the person of the defendant. The trial court held that the failure to prosecute was due to inadvertence rather than design or neglect and denied the motion. We affirm.
The plaintiff alleged in his amended complaint that he had filed a medical malpractice mediation claim and that the mediation had been terminated by the judicial referee because more than 120 days had passed since the filing of the claim and the jurisdiction of the medical mediation panel had terminated. The record of the medical mediation proceedings was made a part of this record and it shows that the plaintiff filed his claim for medical mediation but that he failed to deliver to the sheriff the summons which was issued. The summons was actually served one day before the expiration of the 120 days allowed for defendant's answer. Upon the filing of defendant's motion to dismiss, plaintiff's attorney filed an affidavit in which he swore that the failure to deliver the summons for service had been an oversight and was not intentional, that he had offered to waive the 120 day requirement at the hearing before the judicial referee but that the defendant had moved and insisted that the medical mediation be terminated.
It is clear that if the trial judge had found the plaintiff's action was an intentional attempt to evade the statutory jurisdiction of the medical mediation panel, he could have dismissed the complaint. See Section 768.133(1)(a), Florida Statutes (1975). On the other hand, the trial judge properly held that he had jurisdiction both of the subject matter and the person of the defendant, and he properly denied the emotion to dismiss upon a finding that the failure to follow the medical mediation procedure was due to mistake or inadvertence.
The trial judge may, within his discretion, in the malpractice action, impose such sanctions as he finds appropriate for plaintiff's failure to follow the medical mediation procedure outlined by statute. The court may, if it finds proper, stay the medical malpractice action pending a medical mediation proceeding under the order and direction of the trial court.
Affirmed.
NOTES
[1] This statute is now Section 768.44, Florida Statutes (Supp. 1976).