348 So.2d 631 (1977)
MERCY HOSPITAL, INC., Petitioner,
v.
Gerald BADIA, As Father and Next Friend, and Personal Representative of Jason Badia, Deceased, and Gerald Badia and Judy Badia, As Husband and Wife, Respondents.
No. 76-1627.
District Court of Appeal of Florida, Third District.
July 19, 1977.
*632 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and A.H. Toothman, Miami, for petitioner.
Highsmith, Strauss & Varner and Leonard L. Elias, Miami, for respondents.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
BARKDULL, Judge.
The respondents, as plaintiffs, filed a complaint sounding in medical malpractice against the petitioner,[1] as defendant, and a request for a medical mediation panel pursuant to the provisions of Section 768.44(1)(a & b), Florida Statutes (1975). Prompt service of process was obtained upon the defendant and it filed an answer. Nothing further transpired for 120 days from the filing of the claim for medical mediation. On July 15, 1976, the clerk of the court noticed a request for an extension of time before the mediation referee, although no motion was filed demonstrating any alleged good cause. On July 19, 1976, the clerk of the court executed a notice of termination of medical mediation proceedings. The matter came on to be heard on the clerk's notice, and the judicial referee, on August 6, 1976, denied any extension because he lacked jurisdiction.
The statute involved is Section 768.44(3), Florida Statutes (1975), and reads as follows:
"(3) The clerk shall, with the advice and cooperation of the parties and their counsel, fix a date, time, and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed. If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law."
The judicial referee held that he was without jurisdiction to grant an extension request made after the expiration of the 120-day period. We agree.
The statutes enacted as Part II to Ch. 768 place an impediment to a claimant's right to seek legal redress in the courts of this State, notwithstanding the provisions of Article I, Section 21, Constitution of the State of Florida (1968). And, the statute should be strictly construed against those seeking the benefits of it, the statute being in derogation of the normal right of a claimant to seek immediate redress in the courts. This pre-litigation burden was recognized by the Supreme Court of Florida in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), which upheld the constitutionality of these statutes. No affirmative action having been taken by the defendant during the 120-day period, upon the expiration thereof the claimant was at liberty to pursue his cause of action in the circuit court without further delay.
The petitioner has called to our attention the following cases: State v. Vann, 342 So.2d 1073 (Fla. 3rd D.C.A. 1977); State v. Jacobson, 343 So.2d 1328 (Fla. 3rd D.C.A. 1977); State v. Cowart, 344 So.2d 624 (Fla. 3rd D.C.A. 1977); Richards v. Foulk, 345 So.2d 402 (Fla. 3rd D.C.A. 1977). In each of the cited cases the facts are distinguishable from the instant case and we, therefore, do not find them either persuasive or controlling.
For the reasons above stated, the order of the mediation referee, finding that he was without jurisdiction to extend the period after the expiration of the 120-day period provided in Section 768.44(3), Florida Statutes (1975), is affirmed. Even if he had had jurisdiction, which we do not find, he would not have departed from the essential requirements of the law because there was no motion filed showing good cause.
Certiorari denied.
NOTES
[1] The petitioner filed an appeal in this matter which, because of the nature of medical mediation panels being quasi-judicial bodies, we choose to treat as a petition for certiorari. See: Article V, Section 2(a), Constitution of the State of Florida (1968). Also, see: Koota v. Parkway General Hospital, Inc., 346 So.2d 124 (Fla. 3rd D.C.A. 1977).