PER CURIAM.
This cause was submitted to this court upon certified question under Fla.App. Rule 4.6. The questions presented are:
1. DOES THE JURISDICTION OF A MEDICAL MEDIATION PANEL AUTOMATICALLY TERMINATE AFTER EXPIRATION OF 120 DAYS FROM THE DATE A CLAIM IS FILED WHEN:
(a) THE CLERK HAD NOT SET A HEARING DATE;
(b) THE 120 DAYS PERIOD HAD EXPIRED;
(c) NONE OF THE PARTIES HAD REQUESTED AN EXTENSION WITHIN THE 120 DAYS PERIOD; AND
(d) ALL OF THE PARTIES TO THE ACTION HAD STIPULATED TO AN EXTENSION OF TIME FOR THE MEDIATION HEARING, SUCH STIPULATION BEING ENTERED INTO SUBSEQUENT TO THE RUNNING OF THE 120 DAYS PERIOD?
2. IF THE ANSWER TO QUESTION # 1 IS IN THE NEGATIVE, ARE THE PARTIES BOUND BY THE TIME REQUIREMENTS SET FORTH IN SECTION 768.133(3), FLORIDA STATUTES, 1975, OR THE TIME SET OUT IN THE STIPULATION FOR EXTENSION OF TIME WHICH TO MEDIATE THE CLAIM?
3. IF THE PARTIES ARE BOUND BY THE STATUTORY TIME REQUIREMENTS SET FORTH IN # 2 ABOVE, IS THE MAXIMUM STATUTORY LIMIT FOR MEDIATION 6 MONTHS FROM THE DATE THE CLAIM IS FILED OR 10 MONTHS FROM THE DATE THE CLAIM IS FILED?
In our view the questions certified do not meet the prerequisites of the aforesaid rule. Since the supreme court has recently adopt *846 ed Rules of Medical Mediation Procedure,[1] it now appears that sufficient guidance is available to the trial court to make its own determination of the questions.
Accordingly, we decline to answer the questions.
HOBSON, A. C. J., and McNULTY, J., concur.
GRIMES, J., dissents with opinion.

. In re The Florida Bar (In re Rules of Medical Mediation Procedure), 348 So.2d 547 (Fla. 1977).