359 So.2d 463 (1978)
Albert J. LATORRA, D.O., Petitioner,
v.
Lucy PATRICK and Douglas Patrick, Her Husband, Respondents.
No. 77-1129.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Rehearing Denied June 5, 1978.
William D. Ricker, Jr. of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioner.
L.M. Taylor of Ryan & Taylor, North Palm Beach, for respondents.
CROSS, Judge.
Petitioner, Albert J. Latorra, seeks review through petition for a common law writ of certiorari of an order terminating a medical malpractice mediation proceeding with respect to petitioner.
Petitioner was one of four original defendants in a medical malpractice mediation proceeding filed in the Fifteenth Judicial Circuit of Palm Beach County on March 24, 1977. Petitioner, after being duly served, sought to file his answer in the matter, but inadvertently filed it in the Seventeenth Judicial Circuit of Broward County on April 25th. Petitioner's answer was timely served on all parties. All other defendants properly served and filed their answers. On April 27th the judicial referee entered an order that jurisdiction of the mediation panel over the medical malpractice claim against petitioner had terminated as the result of petitioner's failure to properly file a responsive pleading to the claim. The misfiled answer reached the Clerk of the Palm Beach County Circuit Court on May 3rd, having been forwarded by the Clerk of the Circuit Court of Broward County. On May 5 petitioner served and filed his motion for rehearing, reconsideration or enlargement of time to answer. A hearing on petitioner's motion was held on May 12th, at which time the court denied said motion. Hence, this petition for a writ of certiorari.
The sole question for our determination is whether the judicial referee erred in ruling that petitioner's failure to file an answer within twenty (20) days in the proper court terminated the jurisdiction of the medical mediation panel.
Section 768.44, Florida Statutes (Supp. 1977), provides for the establishment of medical liability mediation panels to aid in the just, speedy and inexpensive determination of medical malpractice claims. Carter v. Sparkman, 335 So.2d 802 (Fla. 1976). Section 768.44(1)(c) provides:

*464 "All parties named as defendants in the claim shall file an answer to such claim within 20 days of the date of service. No other pleadings shall be allowed. If no answer is filed within such time limit, the jurisdiction of the mediation panel over the subject matter shall terminate, and the parties may proceed in accordance with law." (Emphasis added)
The time period established by the provisions of § 768.44(1)(c), Florida Statutes, is jurisdictional as are other limitation periods established by § 768.44. Perkins v. Pare, 352 So.2d 65 (Fla.4th DCA 1977). Judicial referees have no discretion in matters which are jurisdictional. Cole v. Wallace, 354 So.2d 885 (Fla.4th DCA 1977).
Accordingly, petition for certiorari is denied.
Certiorari denied.
DOWNEY and MOORE, JJ., concur.