360 So.2d 12 (1978)
Esther RAEDEL and Fredrik Raedel, Her Husband, Appellants,
v.
WATSON CLINIC FOUNDATION, INC., and Glen Barden, M.D., Appellees.
No. 77-1494.
District Court of Appeal of Florida, Second District.
May 26, 1978.
Rehearing Denied June 28, 1978.
Wagner, Cunningham, Vaughan & Genders, Tampa, and Joel D. Eaton of Podhurst, Orseck & Parks, Miami, for appellants.
*13 Michael B. Colgan and Thomas R. Bayless, of Holland & Knight, Lakeland, for appellee Glen Barden, M.D.
DANAHY, Judge.
Does jurisdiction of a medical mediation panel terminate at the end of six months following the filing of a claim, where no hearing was begun within that six months, but where an order was entered by the judicial referee within 120 days following the filing of the claim, pursuant to stipulation of the parties, extending the time for final hearing to a date beyond six months? Our answer is yes.
As provided by Section 768.44(1)(a), Florida Statutes (1977), appellants submitted a claim against appellees to a medical mediation panel. The following provisions of Section 768.44 govern the progress of such a claim:
(3) The clerk shall, with the advice and cooperation of the parties and their counsel, fix a date, time and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed six months from the date the claim is filed. If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law.
(4) The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date of the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court. (Emphasis added).
But for the tolling provision, the statute of limitations applicable to appellants' cause of action would have expired 17 days after their claim for medical mediation was filed.
Prior to the expiration of 120 days following the filing of the claim, appellants and appellees stipulated to an extension of the date for final hearing "for a period not to exceed 10 months from the original filing of this claim." The judicial referee entered an order in accordance with the stipulation.
At the expiration of six months from the filing of appellants' claim, no hearing on the claim had begun. In doubt as to whether the jurisdiction of the medical mediation panel had terminated, and fearful of being barred by the statute of limitations, appellants filed a complaint against appellees in circuit court 54 days following expiration of the six month period. Their action was ultimately dismissed[1] by the trial judge on the ground that, when the complaint was filed, jurisdiction of the medical mediation panel had not terminated and, therefore, the circuit court did not have jurisdiction of the subject matter. This appeal followed; we reverse.
In doing so, we revert to the question posed at the outset of this opinion. To answer that question we must construe the provisions of a particularly confusing statute. It is helpful to us to consider the construction placed upon the statute by the Florida Supreme Court in the Florida Rules of Medical Mediation Procedure. Fla.R. Med.P. 20.190 provides:
The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
(a) a defendant has not filed an answer within 20 days of the date of service;
(b) a hearing has not been held within 120 days from the date of the filing of the claim and no extension order has been entered by the judicial referee;

*14 (c) an extension order has been entered by the judicial referee but the hearing has not been commenced within 6 months from the date of the filing of the claim; or
(d) the final hearing has not been concluded within 10 months from the date the claim is filed.
Termination for any of the foregoing reasons terminates the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties. A termination for one of the foregoing reasons is automatic, and the clerk's act or failure to act is ministerial only.
Were the above rule applicable, the answer to the question confronting us would be clear. However, the Rules of Medical Mediation Procedure took effect on September 1, 1977, after the entry of the order appealed from in this case. Nevertheless, Rule 20.190 represents the supreme court's construction of Section 768.44(3) and thus is indicative of the supreme court's position. We so observed in Febles v. Abercrombie, Nos. 77-2016 and 77-2012, 358 So.2d 568 (Fla. 2d DCA 1978). Accord, Graney v. Rippey, 349 So.2d 845 (Fla. 2d DCA 1977); Aldana v. Holub, 354 So.2d 1272 (Fla. 1st DCA 1978).
In cases decided prior to the effective date of the Rules of Medical Mediation Procedure, Florida courts have reached results consistent with Rule 20.190. Two recent decisions of the Fourth District make it clear that if a defendant in a medical mediation proceeding does not file an answer within 20 days of the date of service of process, jurisdiction of the medical mediation panel terminates, and this is so notwithstanding that the answer was mistakenly filed in the wrong circuit court or that the late filing was with the consent of opposing counsel. Latorra v. Patrick, No. 77-1129, 359 So.2d 463 (Fla. 4th DCA 1978); Johnson v. Crawford, No. 77-233, 361 So.2d 741 (Fla. 4th DCA 1978).[2] In Mercy Hospital, Inc. v. Badia, 348 So.2d 631 (Fla. 3d DCA 1977), the Third District Court of Appeal held that, where the answer was timely filed, but no hearing begun within 120 days from the date the claim was filed and no extension granted within the 120 day period, jurisdiction of the medical mediation panel terminated at the end of 120 days. Another decision of the Fourth District Court of Appeal makes it clear that, notwithstanding that an extension of time may have been granted within 120 days, if no hearing has begun within six months, the jurisdiction of the medical mediation panel terminates at the end of six months. Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978). But see State ex rel. Love v. Jacobson, 343 So.2d 1328 (Fla. 3d DCA 1977).
Finally, this court and others have held that where the final hearing has not been concluded prior to the expiration of ten months from the date a claim for medical mediation was filed, jurisdiction of the medical mediation panel then terminates. Febles v. Abercrombie, supra; Aldana v. Holub, supra; Kirschgessner v. Miami International Hospital, 356 So.2d 11 (Fla. 4th DCA 1977).
In only one situation does the statute permit an extension of time by order of the judicial referee; that is, an extension of the 120 day limitation to six months. In all other cases, the judicial referee is without authority to extend the time for holding a final hearing beyond the time limitations of the statute. Mercy Hospital, Inc. v. Badia, supra; Green v. Broward General Medical Center, supra; Febles v. Abercrombie, supra.
Appellees argue that the result should be different where the judicial referee's order is predicated upon a stipulation of the parties. We disagree. The time *15 limitations of the statute are jurisdictional, Johnson v. Crawford, supra, and jurisdiction cannot be extended by agreement of the parties.
Accordingly, the jurisdiction of the medical mediation panel in the case before us terminated at the end of six months following the filing of appellants' claim. Therefore, appellants' complaint filed within 60 days thereafter was appropriately filed in the circuit court and the trial judge was in error in dismissing the action.
We reverse and remand with instructions to reinstate appellants' complaint.
BOARDMAN, C.J., and RYDER, J., concurs.
NOTES
[1] The order of dismissal was entered after the expiration of 60 days following the 10 month period running from the date of the filing of appellants' claim. Appellants chose not to file a new complaint within that 60 days.
[2] § 768.44(1)(c) provides: All parties named as defendants in the claim shall file an answer to such claim within 20 days of the date of service. No other pleadings shall be allowed. If no answer is filed within such time limit, the jurisdiction of the mediation panel over the subject matter shall terminate, and the parties may proceed in accordance with law.