363 So.2d 573 (1978)
LARGEN and Clontz, Etc., et al., Petitioners,
v.
Ruben GREENFIELD, Etc., et al., Respondents.
No. 78-1212.
District Court of Appeal of Florida, Second District.
September 29, 1978.
Rehearing Denied October 25, 1978.
Kenneth C. Deacon, Jr., of Harris, Barrett & Dew, St. Petersburg, and Leon H. Handley of Gurney, Gurney & Handley, P.A., Orlando, for petitioners.
Albert Yurko, Orlando, for respondents.
GRIMES, Chief Judge.
Petitioners seek review of an order denying change of venue in a medical malpractice mediation proceeding.
We deny the petition for certiorari, but we have chosen to write this opinion because we understand that judicial referees are reaching differing conclusions in a number of mediation proceedings pending in our jurisdiction. While we acknowledge that ordinarily certiorari review of medical mediation proceedings should be limited to questions of jurisdiction, we believe that the issue raised by this petition is sufficiently serious as to pose a potential for irreparable injury for which there would be no other adequate remedy. Cf. Kaufman v. King, 89 So.2d 24 (Fla. 1956) (improvident denial of motion for change of venue may be reached by certiorari).
The respondents (claimants) filed a medical malpractice claim in the Circuit Court of Pinellas County. The petitioners (defendants) filed answers to the claim and thereafter moved to dismiss or transfer the claim to Seminole County on grounds of venue. The defendants all lived and maintained their places of business in Seminole County. The claimants also resided in Seminole County, and all of the alleged acts of malpractice occurred in Seminole County. The judicial referee found that if this were a lawsuit venue would properly lie in Seminole County. However, he concluded that *574 these statutes did not apply to a claim in medical mediation and held that he had no authority to consider the motions.
There is no specific reference to venue in either the medical mediation statute, Section 768.44, Florida Statutes (1977), or the Florida Rules of Medical Mediation Procedure. However, Section 768.44(2) states in part:
The chief judge of each judicial circuit shall prepare a list of persons available to serve on medical liability mediation panels whose purpose shall be to hear, and facilitate the disposition of, all medical malpractice actions arising within the jurisdiction of the circuit.

Thus, it appears to have been contemplated that a claim for medical malpractice should be mediated in the same forum in which the suit on that claim may be ultimately filed. Logic dictates this conclusion because otherwise mediation panels would be sitting many hundreds of miles from the jurisdiction in which the suits for medical malpractice would later have to be filed. The resulting duplication of effort, inconvenience, expense and delay would be totally contrary to the philosphy behind the enactment of this legislation.
The claimants argue that the defendant's motion was prohibited by virtue of Fla.R.Med.P. 20.090(c) which provides that except for the filing of an answer there "shall be no other pleadings or motion filed in answer to the claim." We believe that this refers to motions directed to the substantive merits of the claim and does not preclude an attack on the venue of the proceeding.
Despite the foregoing, we find it necessary to deny this petition for certiorari because the defendants failed to timely raise the defense of venue. Under Rule 20.020 all Florida Rules of Civil Procedure not directly in conflict with Section 768.44 and the medical mediation rules are applicable to medical liability mediation proceedings. Fla.R.Civ.P. 1.140(b) calls for the defense of improper venue to be raised upon or before the filing of an answer. A defendant in a civil action who does not move for change of venue until after his answer has been filed is deemed to have waived his venue privilege. Aquaco, Inc. v. Hopkin, 323 So.2d 679 (Fla.3d DCA 1975); Fixel v. Clevenger, 285 So.2d 687 (Fla.3d DCA 1973). If this principle was deemed inapplicable to medical mediation proceedings, there would be nothing to prevent a defendant from raising venue at any time during the mediation proceedings and thereby thwarting the speedy disposition which is required in such matters. Cf. Mercy Hospital v. Badia, 348 So.2d 631 (Fla.3d DCA 1977).
The petition for certiorari is denied.
HOBSON and DANAHY, JJ., concur.