GRIMES, Chief Judge.
This is a petition for certiorari from an order terminating jurisdiction of a medical mediation panel.
The respondent (claimant) filed a medical mediation claim against the petitioner (defendant) in the Circuit Court of Hillsbor-ough County. Thereafter, the parties stipulated that venue was improper and pursuant to order a transfer of the mediation panel to Manatee County was effected eighty-two days later. Ninety-two days after the transfer, the Manatee County judicial referee entered an order on stipulation of the parties extending the jurisdiction of the mediation panel for ten months from the time the claim was originally filed in Hillsborough County. The panel was then selected and a hearing on the merits was scheduled to be heard within the extended term. A few days before the hearing the claimant moved to dismiss the proceedings asserting that jurisdiction had automatically expired 120 days from the date the claim was filed in Hillsborough County and that the order thereafter entered which extended the mediation period to ten months was void. In granting the motion the judicial referee stated:
6. Although the order of the Judicial Referee extending jurisdiction in the cause was entered for good cause shown and within and inside a 120-day period commencing with the date that this court acquired jurisdiction, it was not entered within 120 days of the date that the claim was filed in the Circuit Court for Hills-borough County, and, accordingly, on the authority of Mercy Hospital, Inc. v. Badia, 348 So.2d 631 (Fla.3d DCA 1977) jurisdiction was lost automatically, by operation of § 768.133, Florida Statutes (now 768.44), as no hearing on the merits had been held within 120 days of the filing of the, claim nor order entered extending jurisdiction.
It is now well settled that there must be strict compliance with the time deadlines prescribed by the medical mediation statute. Febles v. Abercrombie, 358 So.2d 568 (Fla.2d DCA 1978); Aldana v. Holub, 354 So.2d 1272 (Fla.1st DCA 1978); Perkins v. Pare, 352 So.2d 65 (Fla.4th DCA 1977). In Mercy Hospital, Inc. v. Badia, supra, the court held that after the passage of 120 days from the filing of the claim the judicial referee was without jurisdiction to extend the term of mediation. However, the issue here is not over the fact that the order extending time had to be entered within the first 120 days but rather a determination of when the 120 days began to run.
In Largen & Clontz, et al. v. Greenfield, 363 So.2d 573 (Fla.2d DCA 1978), this court recently concluded that the venue for a medical mediation claim lay in the same forum in which the subsequent malpractice action was required to be filed. In order to give effect to that decision, the proper mediation panel must have sufficient time to act upon a case transferred to it by virtue of having been originally filed in the wrong venue. Therefore, we construe the refer *730 ence to the clerk in Section 768.44(3), Florida Statutes (1977), to mean that the hearing must be held or extension granted within 120 days of the date the claim was filed with the clerk of the circuit court oí the proper venue. There is nothing in the medical mediation rules which dictates a contrary conclusion. To hold otherwise would sanction the possibility of claimants purposely filing their claims in the wrong venue in the hopes of using up some or all of the 120-day period before the transfer was effected.
Certiorari is granted, and the order terminating the jurisdiction of the medical mediation panel is hereby quashed.
HOBSON and DANAHY, JJ., concur.