McCORD, Chief Judge.
Appellants have brought an interlocutory appeal from an order arising out of a claim filed against them with a medical malpractice mediation panel under the Medical Malpractice Reform Act. We treat the appeal as a petition for common law writ of certiorari.
This action arose on December 19, 1974, when appellants and E. N. McCormick rendered medical service to appellees. On June 25, 1976, appellees filed a claim with the Medical Malpractice Mediation Panel under the Medical Malpractice Reform Act against the three appellants and E. N. McCormick. All were served but only McCormick answered. No hearing was held *547 and no extension was sought or granted within the 120-day period provided for by § 768.44(3), Florida Statutes (1976 Supp.). On June 24, 1977, appellees filed a common law malpractice action against appellants and E. N. McCormick. Appellants filed a motion to dismiss contending that the two-year statute of limitations [§ 95.11(4), Florida Statutes (1975)] had expired on January 9,1977 — two years since the cause of action arose on December 19, 1977, plus a 20-day period allowed by § 768.44(l)(c) for appellants to file answers to appellees’ claim during which 20-day period the statute of limitations was tolled. The trial court denied the motion to dismiss, and appellants filed the interlocutory appeal in this Court which we treat as a petition for common law writ of certiorari.
Appellees contend (and the trial court apparently agreed) that the statute of limitations was tolled against appellants pursuant to § 768.44(4) and extended to 60 days from the date on which the jurisdiction of the panel terminated, the 60-day period extending to June 24, 1977, the date on which the suit was filed. The determination of the respective contentions of appellants and appellees hinges upon the interpretation to be placed upon the following pertinent provisions of § 768.44, Florida Statutes (1976 Supp.).
“(l)(a) Any person . . . claiming damages ... on account of alleged malpractice . . . shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.
* * * * * *
(e) All parties named as defendants in the claim shall file an answer to such claim within 20 days of the date of service. No other pleadings shall be allowed. If no answer is filed within such time limit, the jurisdiction of the mediation panel over the subject matter shall terminate, and the parties may proceed in accordance with law.

(4) The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court.” (Emphasis supplied.)
The question to be resolved is whether or not under the Medical Malpractice Act, where a claim is filed against several defendants, the filing of an answer by one of the defendants within the required 20 days will toll the two-year statute of limitation applicable to medical malpractice actions as to all of those against whom the claim is filed.
Appellees had no choice but to file their claim with the mediation panel before bringing a civil action against appellants and McCormick [§ 768.44(l)(a)]. Once the jurisdiction of the mediation panel had vested, appellees could not bring a common law action until the panel’s jurisdiction over the subject matter of the claim terminated and under § 768.44(4), they had 60 days from the date of termination within which to file their complaint in circuit court. Upon filing their claim with the mediation panel, jurisdiction of the panel (in the absence of a hearing being held on the claim) extended for 10 months from the date the claim was filed [§ 768.44(3)] unless no answer was filed within 20 days of the date of service. Here an answer was filed by McCormick within the prescribed time.
The phraseology used by the legislature indicates that it intended that jurisdiction of the panel would terminate if no answer were filed by any of the defendants; that if an answer were filed by any defendant, jurisdiction would continue ás to all. Had it intended otherwise, it could easily have said so. To read another meaning into the statute would alter its terms as written. This interpretation is entirely logical because a plaintiff who files a claim with a mediation panel against several defendants *548 thereby indicates a desire to bring his action against them in one single lawsuit. If the construction of the statute advocated by appellants were adopted, appellees would be forced to file a separate lawsuit upon the same incident against the nonparticipating appellants and prosecute it during the continuation of the mediation proceedings with the remaining defendant. Then at the conclusion of mediation, appellees would have to litigate before the court in a separate lawsuit the claim against the remaining defendant thus creating a multiplicity of lawsuits.
We find no ambiguity in the plain wording of the statute. It is a cardinal rule of statutory construction that the plain meaning of a statute will not be disturbed in the absence of ambiguity or conflict. City of Miami v. Carter, 105 So.2d 5 (Fla.1958); Hooper v. State Road Department, 105 So.2d 515 (Fla. 2 DCA 1958).
The trial court did not err in denying appellant’s motion to dismiss the complaint of appellees.
Certiorari denied.
BOYER and SMITH, JJ., concur.