368 So.2d 1342 (1979)
Nancy HEWITT, Individually and As Next Friend of Robert Hewitt, a Minor, Petitioners,
v.
Henry CAFFEE, M.D., South Miami Hospital, et al., Respondents.
No. 79-7.
District Court of Appeal of Florida, Third District.
March 13, 1979.
Rehearing Denied April 16, 1979.
*1343 Deutsch & Blumberg and Edward R. Blumberg, Miami, for petitioners.
Magill, Sevier & Reid, Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for respondents.
Before HAVERFIELD, C.J., and PEARSON and BARKDULL, JJ.
HAVERFIELD, Chief Judge.
Claimant, Nancy Hewitt, files the instant petition for writ of certiorari seeking a determination that the jurisdiction of the medical mediation panel has terminated in that a hearing on the merits has not been held within six months of the filing of her claim as required by Section 768.44(3), Florida Statutes (1977).[1] The salient facts are as follows:
On June 13, 1978 Nancy Hewitt filed her claim for medical mediation naming as defendants, Henry Caffee, M.D. and South Miami Hospital. Dr. Caffee and the Hospital timely responded and then filed a motion to extend the time for final hearing. The judicial referee on October 11 entered an order extending the time for final hearing from 120 days to six months from the date of filing of the claim. Thereafter, the cause was set down by the judicial referee for final hearing on December 11. Subsequently, defendant Hospital moved to limit the December 11 hearing to permit only the introduction of medical records. The judicial referee then entered the following order:
* * * * * *
"ORDER LIMITING PROCEEDINGS
"THIS CAUSE came on to be heard upon Defendant SOUTH MIAMI HOSPITAL's motion to limit proceedings and set date for completion of final hearing, and the court being fully advised in the premises, it is
"ORDERED that said motion be and the same is hereby granted as follows:
"1. The proceedings now set for December 11, 1978 are limited to a commencement hearing to permit only the introduction of medical records that have been obtained pursuant to subpoena or discovery proceedings.

*1344 "2. Upon introduction of medical records as desired by the parties, the final hearing of the Medical Mediation Panel will be recessed and completed at a subsequent date.
"3. The parties may proceed with discovery subsequent to the commencement hearing."
* * * * * *
This so-called commencement hearing was noticed for and held on December 8 (instead of December 11). The full panel convened and the Hospital introduced a set of hospital records. Hewitt objected to this five minute hearing as not being a final hearing or one on the merits. Her objections were overruled and the hearing concluded. Final hearing was then set for March 1, 1979. Hewitt filed the instant petition for writ of certiorari alleging that the medical mediation panel lost jurisdiction for failure to hold a hearing on the merits within six months of the filing of her claim.
The dispositive issue is whether the hearing of December 8 limited to the introduction by the Hospital of a set of medical records can be properly characterized as the commencement of a final hearing on the merits.
As this appears to be a case of first instance we turn to Black's Law Dictionary (4th Ed.) which offers the following definition of a "hearing" and final hearing":
* * * * * *
"HEARING. Proceeding of relative formality, generally public, with definite issues of fact or of law to be tried, in which parties proceeded against have right to be heard, and is much the same as a trial and may terminate in final order. In re Securities and Exchange Commission, D.C.N.Y., 14 F. Supp. 417, 419. Synonymous with trial, and includes reception of evidence and arguments thereon. Grant v. Michaels, 94 Mont. 452, 23 P.2d 266. It is frequently used in a broader and more popular significance to describe whatever takes place before magistrates clothed with judicial functions and sitting without jury at any stage of the proceedings subsequent to its inception, and may include proceedings before an auditor. Menard v. Bowman Dairy Co., 296 Ill. App. 323, 15 N.E.2d 1014, 1015.
"FINAL HEARING. Describes that stage of proceedings relating to the determination of a suit upon its merits as distinguished from those of preliminary questions. Menard v. Bowman Dairy Co., 296 Ill. App. 323, 15 N.E.2d 1014, 1015. It may also be used with reference to a dismissal on the motion of plaintiff. Christensen v. General Electric Co., D.C.N.Y., 248 F. 284, 286."
* * * * * *
The federal courts have defined a hearing as requiring a trial of an issue of fact. "Trial of an issue of fact necessitates an opportunity to present evidence." See Hawkins v. Board of Control of Florida, 253 F.2d 752, 753 (5th Cir.1958).
Further, Section 768.44(6), Florida Statutes (1977) below clearly sets out what is to transpire at the final hearing:
* * * * * *
"(6) The claim shall be submitted to the hearing panel under such procedural rules as may be established by the Supreme Court, however, strict adherence to the rules of procedure and evidence applicable in civil cases shall not be required. Witnesses may be called; all testimony shall be under oath; testimony may be taken either orally before the panel or by deposition; copies of records, x-rays, and other documents may be produced and considered by the panel; and the right to subpoena witnesses and evidence shall obtain as in all other proceedings in the circuit court. The right of cross-examination shall obtain as to all witnesses who testify in person. Both parties shall be entitled, individually and through counsel, to make opening and closing statements. No transcript or record of the proceedings shall be required, but any party may have the proceedings transcribed or recorded ..."
* * * * * *
*1345 Last, Section 768.44, Florida Statutes (1977) contemplates the just, speedy and inexpensive determination of every claim. See Fla.R.Med.P. 20.010.
After a review of the record in the case at bar, we conclude that the December 8 hearing cannot be considered or characterized as the commencement of a final hearing. That hearing simply permitted defendant to introduce a set of medical records. The claimant, Hewitt, was not permitted to make an opening statement, to call witnesses on her behalf, etc., as contemplated under Section 768.44(6) Florida Statutes (1977). Defendant South Miami Hospital admitted in its motion to limit proceedings that it had not completed the preparation of its defense. Thus, it is apparent that this "limited" hearing of December 8 was a device to extend the six-month statutory period within which a final hearing must be commenced as provided in Section 768.44(3), Florida Statutes (1977). See also Fla.R. Med.P. 20.160(e).[2] To condone such dilatory tactics would, in effect, be permitting any party to a medical mediation proceeding at his or her option to thwart the very purpose of the proceeding to secure a "just, speedy and inexpensive determination of every claim."
As no final hearing on the merits was held within six months after the filing of Hewitt's claim, the jurisdiction of the medical mediation panel terminated as a matter of law and Hewitt may now pursue her cause of action in the circuit court without further delay. See Burchett v. Clontz, 363 So.2d 15 (Fla. 4th DCA 1978); Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978).
Upon remand the Clerk of the Circuit Court is hereby directed to send a notice of termination to all parties pursuant to Fla.R. Med.P. 20.190(c).
Certiorari granted.
NOTES
[1] "(3) The clerk shall, with the advice and cooperation of the parties and their counsel, fix a date, time, and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed ..."
[2] "(e) The clerk shall set a final hearing on the claim before the panel. The hearing is to be held within 120 days from the date the claim is filed. Upon a showing of good cause prior to the expiration of the 120 days from the date the claim was filed, the judicial referee, by written order, may extend the time for commencing the hearing. In any event, the hearing shall be begun no later than six months from the date of the filing of the claim."