BOOTH, Judge.
This cause is here on appeal from the order of the judicial referee of a medical mediation panel, denying motions for change of venue. The order sought to be reviewed is, in pertinent part, as follows:
“Upon consideration of said motions in the light of the opinion of the Supreme Court of Florida in Simons (sic) v. Faust, 358 So.2d 1359 [1358] (Fla.1978), the undersigned finds that he has no authority as judicial referee to rule on the legal question concerning venue as presented by said motions and thus declines to consider same on their merits. . . . ”
We reverse. In Largen v. Greenfield, 363 So.2d 573 (Fla. 2nd DCA 1978), the judicial referee concluded that the State’s venue statutes did not apply to a claim in medical mediation and that he had no authority to *1241 consider motions for change of venue. On appeal the District Court reversed, holding that medical malpractice claims should be mediated in the same forum in which the suit on that claim may be ultimately filed. The court further held that:
“The claimants argue that the defendant’s motion was prohibited by virtue of Fla.R.Med.P. 20.090(c) which provides that except for the filing of an answer there ‘shall be no other pleadings or motion filed in answer to the claim.’ We believe that this refers to motions directed to the substantive merits of the claim and does not preclude an attack on the venue of the proceeding.”
The appellant also raises the question of whether proper venue for the mediation proceeding lies in Alachua County, where the medical treatment was rendered and where four of the five doctor/defendants reside, or Volusia County, where the decedent died.[1] That question was not decided below due to the judicial referee’s holding that he lacked authority to rule on venue questions.
Accordingly, we remand the cause for further proceedings.
McCORD, C. J., and MELVIN, J., concur.

. See A-1 Truck Service, Inc., et al. v. Kivenas, 371 So.2d 495 (Fla. 1st DCA 1979).