373 So.2d 389 (1979)
Murray COHEN, M.D., Petitioner,
v.
The Honorable William Clayton JOHNSON, Circuit Judge of the Circuit Court in and for Broward County, Florida, Frieda Cohen and Harry Cohen, Her Husband, Respondents.
No. 79-626.
District Court of Appeal of Florida, Fourth District.
July 18, 1979.
Robert M. Klein of Stephens, Schwartz, Lynn & Chernay, P.A., Miami, for petitioner.
Herbert W. Virgin, III, of Virgin, Whittle, Garbis & Gilmour, Miami, for respondents.
*390 BERANEK, Judge.
This matter has been considered on petition for writ of certiorari. Petitioner here is the defendant in a medical malpractice suit in the trial court. Respondents are the plaintiffs below. Respondents filed a medical mediation claim against the defendant doctor pursuant to Florida Statutes Section 768.44 (1977). A hearing occurred and the decision of the panel was in favor of the plaintiffs and against the defendant doctor. Respondents thereafter filed a Circuit Court malpractice action. The case was scheduled for trial and prior to jury selection, counsel for petitioner moved the trial court to exclude the evidence of the finding of the mediation panel. It was the position of the defendant doctor that the mediation panel had acted without jurisdiction due to the fact that no final hearing had been commenced within six months from the date of the filing of the claim in accordance with Florida Statute Section 768.44 (1977). The trial court denied the motion by order of February 14, 1979. In this order the Court stated that the trial court was the improper forum in which to raise the issue of jurisdiction of the mediation panel. The trial court ruled that the panel's finding was admissible. We disagree and reverse.
The mediation claim was filed February 16, 1977, and an order was entered extending the time for the hearing and the six-month limitation. A hearing was set within the six-month limitation provided in Florida Statute Section 768.44(3) (1977), but this hearing did not occur due to the unavailability of one of the panel members. The hearing finally took place but was not begun until after the six-month limitation. According to the statute aforecited and the Florida Rule of Medical Mediation Procedure 20.190, the jurisdiction of the panel terminates if an extension order has been entered but the hearing has not been commenced within six months from the date of the filing of the claim. See Stanton v. Community Hospital of South Broward, 359 So.2d 37 (Fla. 4th DCA 1978); Mellor v. Arakgui, 359 So.2d 36 (Fla. 4th DCA 1978); and Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978). Further, jurisdiction of the panel may not be extended either by order of the court or by stipulation of the parties. Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978).
The results of a medical mediation panel proceeding generally becomes an admissible item of evidence pursuant to Section 768.44, Florida Statutes (1977), however, admissibility over particular asserted objections remains the prerogative of the trial court. We hold that a circuit court in a medical malpractice case is the proper forum in which to contest the admissibility of the finding of the panel in situations where an objection to the finding is based on an absence of jurisdiction of the panel. The fact that review by common law certiorari before a District Court may also be available and that such review was not sought does not waive the objection which may still be raised before the Circuit Court.
We conclude that the mediation panel here had no jurisdiction and, therefore, the ruling of the panel was one reached without jurisdiction. As such, it may not be admitted into evidence in the subsequent medical malpractice action and the trial court erred in ruling to the contrary. The order of the trial court is, therefore, reversed and the matter remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
LETTS and MOORE, JJ., concur.