373 So.2d 431 (1979)
Peggy S. WRIGHT and Stephen R. Wright, Her Husband, Petitioners,
v.
Viajaya J. RATNESAR, M.D., et al., Respondents.
No. 79-721.
District Court of Appeal of Florida, Second District.
July 27, 1979.
Linda Koenigsberg of Cohen & Kokus, Miami, for petitioners.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for respondents.
SCHEB, Judge.
On this petition for certiorari we review the judicial referee's denial of the petitioners' suggestion that jurisdiction of a medical mediation panel had terminated. Petitioners contend that no final hearing was commenced within six months of the filing of their claim, and that therefore the panel no longer had jurisdiction to act. We agree, and grant certiorari.
*432 Petitioners filed a medical liability mediation claim on August 1, 1978. After the judicial referee extended the time for final hearing to six months, counsel for respondents sent a notice of final hearing which set that hearing for January 31, 1979. The notice stated that no testimony would be taken. At the scheduled hearing, counsel reserved their opening statements. Respondents then attempted to introduce hospital records, but petitioners successfully objected to admission of the records on chain of custody grounds. Petitioners also objected to commencement, noting that no evidence had been presented at the hearing. Subsequently, they filed a suggestion that jurisdiction of the panel had terminated. The judicial referee denied the suggestion.
The final hearing of a medical liability mediation panel must commence within six months of the filing of a medical liability claim. § 768.44(3), Fla. Stat. (1977); Fla.R. Med.P. 20.190(c). Therefore, we must determine whether the hearing in this case was a final hearing within the meaning of the statute and the rule. Our sister court has held that a final hearing is not commenced when the parties merely introduce medical records into evidence, but present no other evidence. Hewitt v. Caffee, 368 So.2d 1342 (Fla. 3d DCA 1979). The facts here establish even less semblance of a "hearing" than did the efforts in Hewitt, since the parties put no records or other facts into evidence in this case. Thus, we hold that the parties did not commence a final hearing within the meaning of Section 768.44(3), Florida Statutes (1977), on January 31, 1979.
We grant certiorari, and remand with directions to the clerk to send a notice of termination of the proceedings to all parties pursuant to Fla.R.Med.P. 20.190.
HOBSON, Acting C.J., and RYDER, J., concur.