375 So.2d 354 (1979)
Leon L. SHORE, D.O., Petitioner,
v.
Dianne ABBAZIA, Paul S. Glassman, D.O. and Osteopathic General Hospital, Respondents.
No. 79-1066.
District Court of Appeal of Florida, Third District.
October 2, 1979.
Adams & Ward and Amy Shield Levine, Miami, for petitioner.
Stanley M. Rosenblatt, Greene & Cooper and Robyn Greene, Miami, for respondents.
Before HAVERFIELD, C.J., SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
SCHWARTZ, Judge.
Prior to the expiration of the 180 day period after the filing of the claim provided by § 768.44(3), Fla. Stat. (1977), the only proceeding held before the medical mediation panel in this case was a so-called "commencement" or "start-up" hearing at which a single medical exhibit was introduced into evidence and nothing else occurred. In Hewitt v. Caffee, 368 So.2d 1342 (Fla. 3d DCA 1979), this court held that such a "hearing" did not toll the statutorily mandated period for the commencement of a final hearing on the merits and that the panel therefore lost jurisdiction over the proceeding when the six month period expired without a true hearing having begun. See also Grossman v. Duncan, 371 So.2d 142 (Fla. 1st DCA 1979).
Although it appears that, in this case, the parties stipulated to this process, it is established that no such agreement may serve effectively to extend the authority of the panel to proceed. Cohen v. Johnson, 373 So.2d 389 (Fla. 4th DCA 1979); Diggett *355 v. Conkling, 368 So.2d 74 (Fla. 4th DCA 1979); Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978). We are unimpressed with the plaintiff-respondent's attempt to distinguish this situation, which is characterized as involving merely an agreement concerning procedure or the manner in which the final hearing was to be conducted, from what is called a "real" jurisdictional defect involving the absence of one or two of the panel members, with which the court was concerned in the Diggett case. Our holding in Hewitt was that no "hearing," within the meaning of the statute, had commenced before the 180-day period expired. Thus, the panel in this case thereafter proceeded without jurisdiction just as the panels in both Cohen and Raedel in which nothing at all, not even a thus-totally-ineffective "commencement" hearing, had taken place before the running of the six-month period. The determinations in the Cohen and Raedel cases that this jurisdictional defect could not be cured by stipulation are therefore directly controlling.
For these reasons, as we did in per curiam decisions involving identical factual situations in Wickers v. Schwartz, 372 So.2d 1172 (Fla. 3d DCA 1979) and Kuba v. Parkway General Hospital, Inc., 371 So.2d 581 (Fla. 3d DCA 1979), we grant the petition for certiorari and remand the cause with directions that the clerk issue a notice of termination of the mediation proceedings, pursuant to Fla.R.Med.P. 20.190(c).
Certiorari granted.