HOBSON, Acting Chief Judge.
Appellant Richard S. Sigler, by and through his father and next friend, Thomas Sigler, and Thomas and Ruth Sigler, individually, bring this appeal from a summary judgment dismissing their medical malpractice action against appellees. Appellants contend that where a medical mediation claim is filed against four defendants and one of the defendants answers within the 20-day time limit set out in Section 768.44(l)(c), Florida Statutes (1977), the jurisdiction of the medical mediation panel continues over the subject matter as to all four defendants. We agree and reverse the summary judgment.
On June 30,1976, appellants filed a medical mediation claim against appellees Community Hospital of New Port Richey; Co-penhaver, Decker and Bell, M.D.’s P.A.; M. Dees, M.D.; and Peter Tyler, M.D. The claim alleged that Richard Sigler had been negligently treated by all defendants during a period from July 7, 1974, through November 24, 1974.
Of the four defendants, only Dr. Dees filed an answer to the claim and An Acceptance of Jurisdiction of Medical Liability Mediation Panel within the 20-day time limit. The parties were apparently unaware at that time that answers filed by the remaining defendants were one day late. Appellants and all four defendants entered into a written stipulation agreeing to an order *897 extending the date of final hearing by the panel for a period not to exceed ten months from the date of the original claim. In October, 1976, appellants voluntarily dismissed Dr. Dees from the medical mediation claim.
On February 25, 1977, appellants filed a complaint in circuit court. Pursuant to motions for dismissal, the circuit court found that the stipulation entered into among the parties extended the jurisdiction of the medical mediation panel, and inasmuch as the ten months had not yet expired, the court lacked jurisdiction over the subject matter of the complaint. The dismissal was made without prejudice in order to allow appellants to refile their complaint after the panel’s jurisdiction terminated.
On May 18, 1977 the panel rendered its final decision and appellants refiled their circuit court complaint on May 31, 1977, against Community Hospital and Copenhaver, Decker and Bell, M.D.’s, P.A. In their answers to the amended complaint, both the hospital and the doctors asserted that appellants’ claim was barred because “it was not brought within the time prescribed by law.” Subsequent motions for summary judgment filed by both appellees contained similar arguments. The order granting appellees’ motions for summary judgment stated that “the jurisdiction of the mediation proceedings terminated when the defendants [Community Hospital and Copenhaver, Decker and Bell, M.D.’s, P.A.] failed to file answers to the claim within 20 days from the date of service.” The order noted that the two-year statute of limitation on medical mediation claims would have expired on November 23, 1976. The tolling provision of Section 768.44(4), Florida Statutes (1977), allowed appellants an additional 27 days (20 days for answers from defendants plus seven days between filing of the claim and service of process on defendants), or until December 20, 1976. Since appellants did not file their complaint until well after that date, the court granted appellees’ motions for summary judgment.
The pivotal question to be resolved concerns the date on which the mediation panel’s jurisdiction terminated. It is from that date that the 60-day time period for filing claims in circuit court begins to run. Section 768.44(4), Florida Statutes (1977).
In determining the effect of Dr. Dees’ answer on the panel’s jurisdiction, we refer to a decision from the First District Court of Appeal, Baptist Memorial Hospital v. Beaty, 364 So.2d 546 (Fla. 1st DCA 1978). The issue in that case, as in this one, was “whether or not under the Medical Malpractice Act, where a claim is filed against several defendants, the filing of an answer by one of the defendants within the required 20 days will toll the two-year statute of limitation applicable to medical malpractice actions as to all of those against whom the claim is filed.” Id. at 547. We agree with the decision of that court which held that “if an answer were filed by any defendant, jurisdiction would continue as to all.” Id. at 547.
In the instant case, Dr. Dees’ timely answer vested jurisdiction in the mediation panel until its final decision was rendered on May 18, 1977. Dr. Dees’ dismissal in October 1976 had no effect on the subject matter jurisdiction of the panel. Appellants’ second circuit court action was commenced on May 31,1977, well within the 60 days allowed in Section 768.44(4), Florida Statutes (1977).
Therefore, we reverse the summary judgment which dismissed appellants’ cause of action and remand the cause for further action. In view of this holding, appellants’ remaining arguments need not be addressed.
REVERSED and REMANDED.
RYDER and DANAHY, JJ., concur.