RYDER, Judge.
Serrill seeks common law certiorari to review the order of a medical mediation panel finding respondent Hilderbrand not actionably negligent in his care and treatment of her. Petitioner contends that since a final hearing on the merits of her claim was not commenced within 180 days of filing, jurisdiction of the panel had terminated.[1] We agree and grant the petition for certiorari.
Petitioner filed her claim against the respondent on October 13, 1978, pursuant to Section 768.44(l)(a), Fla.Stat. (1977). Thereafter, as permitted by Section 768.-44(3), the judicial referee extended the time for holding a hearing on the merits from 120 days to six months, i. e., until April 13, 1979. At a hearing on April 12, 1979, petitioner’s attorney objected to commencement of the proceedings because he had not received notice sufficiently in advance to arrange for his expert witness to be present. The judicial referee overruled this objection, explaining that the proceeding was being treated “as our little house cleaning meeting,” “almost in the nature of a pretrial.” No evidence was introduced and no opening statements were made. After clearing up such procedural questions as who the witnesses would be and whether petitioner should undergo a physical examination in the meantime, the hearing was continued until July 10, 1979.
The requirements of Chapter 768 must be strictly complied with, since the statute “is in derogation of the common law, and is an impediment to the constitutional guarantee of access to the courts.” *318 Green v. Broward General Medical Center, 356 So.2d 877 (Fla.4th DCA 1978). Section 768.44(3) provides that, once a claim has been filed, a hearing:
. shall be held within 120 days of the date the claim was filed unless, for good cause shown upon order of the judicial referee, such time is extended. Such extension shall not exceed 6 months from the date the claim is filed. If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel . shall terminate, and the parties may proceed in accordance with law. (Emphasis added)
Although this provision does not clearly specify when a hearing must commence, both Fla.R.Med.P. 20.190(c) and the case law require a final hearing on the merits to commence, at the latest, six months from the date of the filing of the claim. See, e. g., Wright v. Ratnesar, 373 So.2d 431 (Fla.2d DCA 1979); Hewitt v. Caffee, 368 So.2d 1342 (Fla.3d DCA 1979); Stanton v. Community Hospital of South Broward, 359 So.2d 37 (Fla.4th DCA 1978). When a “start-up” hearing is held shortly before expiration of the six-month statutory period and only hospital records are presented in evidence, this is not the hearing envisioned by Sections 768.44(3) and (6). Hirsch v. Kleinman, 375 So.2d 362 (Fla.4th DCA 1979); Wright v. Ratnesar, supra. In the instant case, no evidence whatsoever was introduced.
Respondent appears to argue that Hewitt v. Caffee, supra, stands for the proposition that one party may not employ dilatory tactics to avoid the just, speedy and inexpensive determination of claims under Chapter 768. Respondent contends that the case is not on point because in Hewitt, the respondent hospital had sought to limit the hearing to only the introduction of medical records. No such limitations were requested by the respondent or imposed by the panel in the instant case.
We find this argument unpersuasive. Although the Hewitt court condemned the hospital’s dilatory tactics, the decision was grounded on the failure of the parties, for whatever reason, to present evidence, make opening statements, or do any of the other things provided for in Section 768.44(6). Accord, Shore v. Abbazia, 375 So.2d 354 (Fla.3d DCA 1979); Wright v. Ratnesar, supra.
The fact that the parties may have stipulated to a continuance beyond the six-month deadline does not compel a different result. Failure to commence a hearing within the six-month deadline is a jurisdictional defect which may not be cured by stipulation or by the failure of one of the parties to object. Shore v. Abbazia, supra; Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla.2d DCA 1978).
Certiorari is granted and the order of the medical mediation panel is quashed. The matter is remanded with direction for the clerk of the circuit court to issue a notice of termination of the proceedings effective July 31, 1979, pursuant to Fla.R.Med.P. 20.-190.
CERTIORARI GRANTED.
HOBSON, Acting C. J., and SCHEB, J., concur.

. Fla.R.Med.P. 20.190 provides in pertinent part:
The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
******
(c) An extension order has been entered by the judicial referee but the hearing has not been commenced within six months from the date of the filing of the claim Termination for any of the foregoing reasons terminates the jurisdiction of the panel.