ORFINGER, Judge.
We are asked to determine if a medical mediation hearing was properly commenced within the six month period prescribed by Section 768.44(3), Florida Statutes (1977), so as to permit the mediation panel to conclude its hearing and render a decision within the statutory ten-month period. Aldana v. Holub, 381 So.2d 231 (Fla.1980) makes it necessary for us to decide the question because the mediation panel filed its written decision prior to Aldana. The judicial referee had set the matter for final hearing just a few days before the expiration of the six-month period, but because the names of some expert witnesses had not been supplied to defendants, he prohibited the presentation of anything other than opening statements and continued the hearing until a date beyond six months, but before ten months from the date the claim was filed. No other “hearing” was held within the six-month period.
Contending that the jurisdiction of the mediation panel had terminated, plaintiff then filed this action for damages. The trial court dismissed the action on motion because the mediation proceeding had not been concluded and plaintiff appealed. Thereafter, the mediation panel rendered its decision.
It is clear by now that the time limitations of the medical mediation statute were jurisdictional[1] and if no hearing at all was begun within the six-month period, the panel’s jurisdiction terminated. Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978). A “hearing” is synonymous with trial, and includes reception of evidence and argument thereon. The presentation of opening statements only does not constitute a “hearing”[2]. Since no final hearing was commenced within the six-month period, the mediation panel had no jurisdiction beyond that time. The purported hearing thereafter and the decision of the panel were void and of no effect. Cohen v. Johnson, 373 So.2d 389 (Fla. 4th DCA 1979).
The order dismissing the cause is reversed for further proceedings consistent herewith.
REVERSED.
COBB and SHARP, JJ., concur.

. We use the past tense because of the holding in Aldana.

. Hewitt v. Caffee, 368 So.2d 1342 (Fla. 3d DCA 1979), where only medical records were introduced. See also: Wright v. Ratnesar, 373 So.2d 431 (Fla. 2d DCA 1979); Hirsch v. Kleinman, 375 So.2d 362 (Fla. 4th DCA 1979); Shore v. Abbazia, 375 So.2d 354 (Fla. 3d DCA 1979).