ADKINS, Justice.
This appeal involves the constitutionality of section 768.44(l)(c), Florida Statutes (1977). The two-year-old daughter of Anto *150 nio and Emérito Aguilar died on March 30, 1975, after Dr. Aspell and Jackson Memorial Hospital (hereinafter JMH) allegedly refused to treat the child or admit her to the hospital. Pursuant to the Medical Malpractice Reform Act, Aguilar filed a claim for wrongful death against Aspell and JMH on March 11,1977, eighteen days before the running of the applicable statute of limitations. § 95.11(4), Fla.Stat. (1977). Summons was served on JMH on March 15, 1977; JMH answered on April 7, 1977. Summons was served on Aspell on April 11, 1977; Aspell answered on April 21, 1977. From these facts it is clear that Aspell answered within the required twenty-day period, but that JMH did not. § 768.-44(l)(c), Fla.Stat. (1977). All parties actively participated in mediation proceedings but no hearing was ever held, so on November 7,1977, the referee entered an order .declaring that the panel’s jurisdiction had terminated as of September 1, 1977. § 768.44(3), Fla.Stat. (1977).
On October 6, 1977, Aguilar filed a complaint in Pasco County Circuit Court. Aspell and JMH moved for summary judgment. In granting these motions, the court ruled that:
JMH’s failure to file its answer on or before April 4, 1977 caused the mediation panel ... to lose jurisdiction on April 5, 1977 as to both defendants. § 768.-44(l)(e), Fla.Stat.

Plaintiff filed [the circuit court action] on October 6,1977, which was neither within two years of March 30,1975 nor within 60 days of April 5,1977. The action was not timely filed and is therefore barred by the statute of limitations. §§ 95.11(4)(d), 768.44(4), Fla.Stat.
Aguilar moved for rehearing, asserting that the circuit court had unconstitutionally construed section 768.44(l)(c), Florida Statutes (1977). The motion was denied.
This Court has jurisdiction since the trial court inherently ruled on the constitutional validity of section 768.44(l)(c) when it denied Aguilar’s motion for rehearing. Art. V, § 3(b)(1), Fla.Const. (1972); Dyk-man v. State, 294 So.2d 633 (Fla.1973); Rojas v. State, 288 So.2d 234 (Fla.1973).
Aldana v. Holub, 381 So.2d 231 (Fla.1980), disposes of no issues in this case since all mediation panel proceedings were concluded prior to the effective date of that decision February 28, 1980.
The Court must determine if Aguilar’s circuit court action was barred by the statute of limitations. Resolution of this issue hinges upon the Court's construction of section 768.44(l)(c), Florida Statutes. That section provides in part:
All parties named as defendants in the claim shall file an answer to such claim within 20 days of the date of service.... If no answer is filed within such time limit, the jurisdiction of the mediation panel over the subject matter shall terminate, and the parties may proceed in accordance with law.
(Emphasis added). Considering the plain language of the statute only one construction is reasonable, as was recognized by the First District Court of Appeal in Baptist Memorial Hospital v. Beaty, 364 So.2d 546 (Fla. 1st DCA 1978).
The phraseology used by the legislature indicates that it intended that jurisdiction of the panel would terminate if no answer were filed by any of the defendants; that if an answer were filed by any defendant, jurisdiction would continue as to all. Had it intended otherwise,, it could easily have said so. To read another meaning into the statute would alter its terms as written. This interpretation is entirely logical because a plaintiff who files a claim with a mediation panel against several defendants thereby indicates a desire to bring his action against them in one single lawsuit. If the construction of the statute advocated by appellants were adopted, appellees would be forced to file a separate lawsuit upon the same incident against the nonparticipating appellants and prosecute it during the continuation of the mediation proceedings with the remaining defendant. Then at the conclusion of mediation, appellees *151 would have to litigate before the court in a separate lawsuit the claim against the remaining defendant thus creating a multiplicity of lawsuits.
Id. at 547-48. Appellees cite Latorra v. Patrick, 359 So.2d 463 (Fla. 4th DCA 1978), and Johnson v. Crawford, 361 So.2d 741 (Fla. 4th DCA 1978), as inconsistent with Beaty. Both Latorra and Johnson concern instances where one of a number of defendants failed to properly file an answer within twenty days of service, of the complaint, and then later petitioned for review of the order dismissing them from the mediation proceeding. In each case, the Fourth District Court of Appeal held that failure to meet the twenty-day requirement resulted in a loss of the panel’s jurisdiction over the individual defendant. Neither case held that jurisdiction over the defendants properly filing an answer was lost, and neither case addressed the effect of the decision on the statute of limitations. § 768.44(4), Fla. Stat. (1977).
The distinction to be drawn between Beaty and Latorra and Johnson focuses on the difference between jurisdiction over a particular defendant and jurisdiction over the subject matter of the mediation proceeding. ' A correct interpretation of section 768.44(l)(c) reveals that while failure to file a timely answer will terminate jurisdiction over a particular defendant, jurisdiction over the subject matter will continue if at least one defendant files a timely answer. Hence Beaty, Latorra, and Johnson are in fact consistent, and the holding in Beaty resolves the case sub judice.
JMH’s failure to file an answer to Aguilar’s claim before April 5, 1977, caused the panel to lose jurisdiction over JMH; i. e., terminated JMH’s right to participate in mediation proceedings. Conversely, Aspell’s timely answer preserved the panel’s jurisdiction over the subject matter of the proceeding, and entitled Aspell to utilize the mediation process. Jurisdiction over the subject matter of the mediation proceeding would have terminated (for purposes of section 768.44(l)(c)) only if both JMH and Aspell had failed to answer within the required period.
For lack of any hearing within six months after the mediation claim was filed, the panel’s jurisdiction terminated on September 11, 1977. § 768.44(3), Fla.Stat. (1977). Aguilar had sixty days from that date, or until November 10,1977, to initiate a wrongful death action in circuit court. The suit dismissed by the trial court was filed on October 6, 1977, and is therefore not barred by the statute of limitations.
The order of dismissal is reversed and the cause is remanded to the trial court for further proceedings.
SUNDBERG, C. J., and BOYD and ENGLAND, JJ., concur.
ALDERMAN, J., dissents with an opinion, with which OVERTON and MCDONALD, JJ., concur.